**EXHIBIT "A"**

 **PEACHCOURT**

| SUCV2022000145 | PORTER, ET AL V SOWELL, ET AL | BULLOCH SUPERIOR | GENERAL TORT |

# Case Docket

**Case Initiation Date**
07/13/2022

**Assigned Judge**
MM

Why subscribe to PeachCourt+? Well, for one thing... you could get an automagic email alert when anyone files anything into this case. You don't have to come back here day after day after day just to check the docket. We'll take care of that for you. All you have to do is subscribe!

## Party Information

Plaintiffs:

**PORTER, ELI**

**COOPER, KEYRON**

**SINGLETON, MICHAEL**

**BEVERHOUDT, TIMOTHY VAN**

Defendants:

**SOWELL, MATT**

**LACIENSKI, CHRIS**

**HAMMOND, TFC2**

**HOLLOWAY, TFC3**

**DIGIACOMO, AARON**

**BORNE, JASON**

**THIGPEN, DERRELL**

**MALONE, JONATHAN**

**KEMP, BRIAN**

## Attorney/Filer Information

**JOHNSON, JORDAN**

**SOWELL, MATT**

| Docket # | Document Type | Description | Filer | Filing Date | Source |
|----------|---------------|-------------|-------|-------------|--------|
| 1 | Complaint | Complaint | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 2 | Summons | SUMMONS SHERIFF DEPARTMENT - Summons For Sowell, Matt. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 3 | Summons | SUMMONS SHERIFF DEPARTMENT - Summons For Lacienski, Chris. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| Docket # | Document Type | Description | Filer | Filing Date | Source |

| | | | | | |
|---|---|---|---|---|---|
| | | TFC2. | Jordan | | PeachCourt |
| 5 | Summons | SUMMONS SHERIFF DEPARTMENT - Summons For Holloway, TFC3. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 6 | Summons | SUMMONS SHERIFF DEPARTMENT - Summons For Digiacomo, Aaron. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 7 | Summons | SUMMONS SHERIFF DEPARTMENT - Summons For Borne, Jason. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 8 | Summons | Summons For Thigpen, Derrell. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 9 | Summons | Summons For Malone, Jonathan. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 10 | Summons | Summons For Kemp, Brian. | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 11 | Civil Case Initiation Form | Case Information Form | Johnson, Jordan | 07/13/2022 | EFile: PeachCourt |
| 12 | Service | SERVICE COPIES GIVEN TO BRIAN | | 07/14/2022 | Manual |
| 13 | Service | SHERIFFS ENTRY OF SERVICE | | 07/14/2022 | Manual |
| 14 | Service | SHERIFFS ENTRY OF SERVICE | | 07/14/2022 | Manual |
| 15 | Service | SHERIFFS ENTRY OF SERVICE | | 07/14/2022 | Manual |
| 16 | Service | SHERIFFS ENTRY OF SERVICE (DILIGENT SEARCH) | | 07/14/2022 | Manual |
| 17 | Service | SHERIFFS ENTRY OF SERVICE | | 07/15/2022 | Manual |
| 18 | Service | SHERIFFS ENTRY OF SERVICE | | 07/15/2022 | Manual |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

Printed from www.peachcourt.com on Jul 28, 2022 12:57 PM

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ELI PORTER, KEYRON COOPER MICHAEL SINGLETON, and TIMOTHY VAN BEVERHOUDT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action File No. |
| SGT. DERRELL THIGPEN, CPL. MATT SOWELL, TFC. JONATHAN MALONE, LT. CHRIS LACIENSKI, TFC2 HAMMOND, TFC3 HOLLOWAY, TFC. AARON DIGIACOMO, DEPUTY JASON MICHAEL BORNE in their individual and official capacities as LEOs, and BRIAN KEMP, in his individual and official capacity as Governor of the State of Georgia, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | _____ |
| Defendants. | ) | |

## **COMPLAINT**

NOW COMES Plaintiffs, ELI PORTER ("Plaintiff Porter"), KEYRON

COOPER ("Plaintiff Cooper"), MICHAEL SINGLETON ("Plaintiff Singleton"),

and TIMOTHY VAN BEVERHOUDT ("Plaintiff van Beverhoudt"), (together

"Plaintiffs"), and file this Complaint, showing the Court as follows:

1.

Defendant SGT. DERRELL THIGPEN ("Defendant Thigpen") is one of the persons who is subject to the jurisdiction and venue of this Court and individually harmed Plaintiff in this manner, and was the sergeant in charge and a responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served at 1337 Register Mullis Road, Rentz GA 31075.

2.

Defendant CPL. MATT SOWELL ("Defendant Sowell") is one of the persons who is subject to the jurisdiction and venue of this Court and individually harmed Plaintiff in this manner, and was the corporal in charge and a responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served personally at work at State Trooper Post 45 in Statesboro at 10723 U.S. 301 South, Statesboro GA 30458.

3.

Defendant TFC. JONATHAN MALONE ("Defendant Malone") individually harmed Plaintiff in this manner, and was a Trooper First Class responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served at 340 Castlegate Road, Macon GA 31210.

4.

Defendant LT. CHRIS LACIENSKI ("Defendant Lacienski") individually harmed Plaintiff in this manner, and was the lieutenant in charge and a responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served at 1003 Morning Dove Ct, Statesboro GA 30461.

5.

Defendant TFC2 HAMMOND ("Defendant Hammond") individually harmed Plaintiff in this manner, and was Trooper First Class and responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served at State Trooper Post 45 in Statesboro at 10723 U.S. 301 South, Statesboro GA 30458.

6.

Defendant TFC3 HOLLOWAY ("Defendant Holloway") individually harmed Plaintiff in this manner, and was Trooper First Class and responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served at State Trooper Post 45 in Statesboro at 10723 U.S. 301 South, Statesboro GA 30458.

7.

Defendant TFC AARON DIGIACOMO ("Defendant DiGiacomo") individually harmed Plaintiff in this manner, and was Trooper First Class and responding LEO with the Georgia State Patrol during the acts alleged herein, and he may be served a State Trooper Post 45 in Statesboro at 10723 U.S. 301 South,

Statesboro GA 30458.

8.

Defendant DEPUTY JASON MICHAEL BORNE ("Defendant Borne")
individually harmed Plaintiff in this manner, and was a Bulloch County Sheriff's
Deputy and a responding LEO during the acts alleged herein, and he may be served
at State Trooper Post 45 in Statesboro at 10723 U.S. 301 South, Statesboro GA
30458.

9.

Defendant BRIAN KEMP ("Defendant Kemp") individually harmed Plaintiff
in this manner, and the Governor of the State of Georgia who issued various
executive orders that were being enforced during the acts alleged herein, and he may
be served at 206 Washington Street, 111 State Capitol, Atlanta GA 30334.

9.5

Due to the "Order Declaring Statewide Judicial Emergency" (as extended)
entered on March 14, 2020, the statute of limitations for filing this action was tolled
for the duration of the Order, extending the deadline an equal amount of time.

## **FACTUAL BACKGROUND FOR CLAIMS**

10.

Plaintiff ELI PORTER ("Plaintiff Porter") is a resident of Bulloch County and

was a pastor conducting worship services for Redeeming Church of God the Bible

Way ("Bible Way") on April 5, 2020 and is subject to this Court's jurisdiction.

11.

Plaintiff KEYRON COOPER ("Plaintiff Cooper") is a resident of Bulloch

County and was a member of Bible Way engaging in worship on April 5, 2020 and is

subject to this Court's jurisdiction.

12.

Plaintiff MICHAEL SINGLETON ("Plaintiff Singleton") is a resident of

Bulloch County and was a member of Bible Way engaging in worship on April 5,

2020 and is subject to this Court's jurisdiction.

13.

Plaintiff TIMOTHY VAN BEVERHOUDT ("Plaintiff van Beverhoudt") is a

resident of Bulloch County and was a member of Bible Way engaging in worship on

April 5, 2020 and is subject to this Court's jurisdiction.

14.

On March 14, 2020, Defendant Kemp, as Governor of the State of Georgia,

issued Executive Order No. 03.14.20.01 declaring a Public Health State of

Emergency in Georgia due to COVID-19.

15.

In Executive Order No. 03.14.20.01, Defendant Kemp ordered that "all resources of the State of Georgia shall be made available to assist in activities designed to address this emergency, control the spread of COVID-19, and aid recovery efforts."

16.

In Executive Order No. 03.14.20.01, Defendant Kemp also ordered that the Georgia Department of Public Health coordinate with the Georgia Emergency Management and Homeland Security Agency to "take any action necessary to protect the public's health," including "[e]stablishing protocols to control the spread of COVID-19" and "[i]mplementing quarantine, isolation, and other necessary public health interventions[.]"

17.

On March 23, 2020, Defendant Kemp issued Executive Order No. 03.23.20.01 requiring certain persons to shelter in place, prohibiting businesses and non-profits to allow more than ten (10) persons to be gathered at a single location where the gathering requires persons to stand or "be seated within six (6) feet of any other person."

18.

Defendant Kemp's Executive Order No. 03.23.20.01 also authorized the

Department of Public Health "to mandate the closure of any business . . . [or] non-profit corporation" who failed to comply with the Order.

19.

On April 2,2020, Defendant Kemp issued Executive Order No. 04.02.20.01, ordering "[a]ll residents and visitors of the State of Georgia" to "practice social distancing" in accordance with the Order and Center for Disease Control and Prevention ("CDC") guidelines.

20.

Order No. 04.02.20.01 also prohibited businesses and non-profits to allow "more than ten (10) people to be gathered at a single location if such gathering requires persons to stand or to be seated within six (6) feet of any other person," which provided no exception for religious gatherings.

21.

Order No. 04.02.20.01 also ordered residents and visitors of the State of Georgia" shelter in place within their homes or places of residence" unless engaged in certain activities in which Defendant Kemp, on behalf of the State of Georgia, deemed to be "necessary" or "essential."

22.

Defendant Kemp provided no exception to this "shelter in place" order for

religious activities, nor did he include it as one of the activities deemed "necessary" or "essential".

23.

Defendant Kemp also mandated that businesses and non-profits engage in screening procedures that would prohibit public participation in activities within the business or non-profit organization, leaving no exceptions for religious activities or places of worship.

24.

Defendant Kemp's Executive Order No. 04.02.20.01 explicitly stated that nothing within the Order "shall be construed to suspend or limit the sale, dispensing, or transportation of firearms or ammunition, or any component thereof," but did not find it necessary to explicitly state that the Order shall not be construed to prohibit or limit the individual right to worship God to the dictates of his own conscience pursuant to the First Amendment of the United States Constitution and Art. I, Sec. I, Para. III of the Constitution of the State of Georgia.

25.

Defendant Kemp's Executive Order No. 04.02.20.01 explicitly stated that "any person who violates this Order shall be guilty of a misdemeanor," effectively criminalizing the exercise of worship as a congregation as mandated by many faiths

in the State of Georgia.

26.

Defendant Kemp's Executive Order No. 04.02.20.01 also permitted "officials" to enforce the Order.

27.

On April 3, 2020, Defendant Kemp issued Executive Order No. 04.03.20.01, authorizing sheriffs and their deputies to enforce Executive Order No. 04.02.20.01.

28.

On April 3, 2020, Defendant Kemp also issued Executive Order No. 04.03.20.02 in order to clarify certain terms or requirements in Executive order No. 04.030.20.01, including further defining "Essential Services" as including "any and all activities that may preserve the health and welfare of persons within [the State of Georgia".

29.

While the definition of "any and all activities that may preserve the health and welfare" of citizens, none of the examples expressly stated in that paragraph of Executive Order No. 04.03.20.02 explicitly included the ability to congregate and worship.

30.

While Executive Order No. 04.03.20.02 only explicitly authorized officials enforcing the Order to "mandate the closure of any" business or non-profit organization who did not comply with the Order, Executive Order No. 04.02.20.01 expressly stated that such citizens not in compliance with the Order are guilty of a misdemeanor.

31.

On April 20, 2020, Defendant Kemp suggested that worship leaders hold worship services via online, call-in, or drive-in services, but reiterated that in-person services must adhere to "strict social distancing protocols," in violation of the First Amendment of the United States Constitution, as well as Article I, Section I, Para. III of the Constitution of the State of Georgia.

32.

On April 5, 2020, Bible Way held worship services where members congregated to worship God pursuant to their faith and the dictates of their conscience, as protected by the First Amendment of the United States Constitution and Article I, Section I, Paragraph III of the Constitution of the State of Georgia.

33.

On that day, Plaintiff Porter, the pastor for Bible Way, led the congregation in worship.

34.

Also attending church at Bible Way that day and time were Plaintiffs Cooper, Singleton and can Beverhoudt.

35.

Bible Way is a predominantly minority congregation composed of mostly African-American members.

36.

On that day, an unnamed Bulloch County Sheriff's Deputy alerted the Georgia State Patrol ("GSP") of the church gathering.

37.

In response to the deputy alerting GSP, Defendants Thigpen and Sowell arrived at Bible Way in an attempt to shut down services.

38.

While members were inside the building worshiping to the dictates of their conscience pursuant to their inalienable right to worship God, Defendant Sowell began going around the parking lot and writing down the license plate information on every car in the parking lot.

39.

Defendant Thigpen then approached members outside of the building,

including Plaintiffs Cooper, Singleton and van Beverhoudt, asking to speak with the

pastor when he was done preaching.

40.

Defendant also told Plaintiffs Cooper, Singleton and van Beverhoudt that it

was "not a good idea to do baptisms."

41.

Defendant Thigpen called for Bulloch County deputies to assist with enforcing

compliance with Defendant Kemp's COVID-19 orders.

42.

While awaiting the arrival of other LEOs, including Bulloch County deputies

and Defendant Malone and other LEOs within GSP, Defendants Thigpen and Sowell

approached many unnamed Bible Way members seeking the identity of the pastor of

the congregation.

43.

All of these unnamed members refused to speak with Defendants Thigpen and

Sowell.

44.

Defendant Sowell then approached Plaintiff Porter, who expressed to

Defendant Sowell that he did not wish to speak to law enforcement.

45.

Defendant Thigpen overheard Plaintiff Porter tell Defendant Sowell that he did not wish to speak to law enforcement.

46.

Despite Plaintiff Porter's unambiguous statement that he did not wish to speak to law enforcement, Defendant Thigpen approached Plaintiff Porter and continued trying to obtain "voluntary compliance" from Plaintiff Porter.

Plaintiff Porter made Defendant Thigpen aware that he was represented by legal counsel.

47.

Defendant Thigpen spoke with Plaintiff Porter's attorney, Jum Puentes, over the phone and informed him that he and other LEOs were seeking "voluntary compliance", and that if he was unable to obtain compliance voluntarily, he would be "mandating compliance."

48.

Defendant Thigpen cited to Defendant Kemp's executive orders as the authority for his harassment of Plaintiff Porter and other Bible Way members.

49.

After ending the phone call with Mr. Puentes, Defendant Thigpen informed

Plaintiff Porter that "the next time [he and other LEOs] would be taking enforcement action."

50.

During all times relevant to this Complaint, Defendant Lacienski with GSP was also present and enforcing Defendant Kemp's mandate and attempting to shut down worship service at Bible Way.

51.

Defendant Lacienski arrived with Defendants Hammond, Holloway and DiGiacomo.

52.

Defendants Lacienski, Hammond, Holloway and DiGiacomo assisted Defendant Sowell in "documenting each [of the 21 vehicles] that was parked at the church."

53.

Defendant Lacienski approached Plaintiffs Cooper, Singleton and van Beverhoudt, who informed him that they did not wish to speak with him.

54.

Defendant Lacienski demanded that Plaintiffs Cooper, Singleton and van Beverhoudt identify themselves within the next five (5) minutes.

55.

Defendant Lacienski told Plaintiffs Cooper, Singleton and van Beverhoudt that he and other LEOs had been to Bible Way earlier that same day because of members congregating to worship.

56.

Defendant Lacienski cited to Defendant Kemp's Executive Order 03.14.20.01 as the purpose for all of the law enforcement presence at the church, and that they were taking enforcement action pursuant to that Order.

57.

Defendant Lacienski later supplemented his police report and corrected the Executive Order to be No. 04.02.20.01.

58.

Defendant Lacienski supplemented his police report again and corrected the Executive Order to be No. 04.02.20.02.

59.

While all Defendants' reports seemed to take issue with the members congregating *inside* the building and that congregating *outside* would be permitted, only those members who were initially stopped outside, including Plaintiffs Cooper, Singleton and van Beverhoudt, were cited with any violation of law.

60.

Plaintiffs Cooper, Singleton and van Beverhoudt informed Defendant Lacienski that they were also represented by counsel, which did not deter Defendant Lacienski from attempting to continue speaking with Plaintiffs and asking them questions.

61.

Defendant Lacienski instructed Defendant DiGiacomo to issue citations to Plaintiffs Cooper, Singleton and van Beverhoudt for reckless conduct pursuant to Defendant Kemp's executive orders.

62.

Defendant DiGiacomo complied with the unconstitutional order and cited Plaintiffs Cooper, Singleton and van Beverhoudt with reckless conduct in violation of O.C.G.A. § 16-5-60.

63.

Defendant Lacienski then issued a citation for reckless conduct under O.C.G.A. § 16-5-60 to Plaintiff Porter.

64.

In July of 0221, reckless conduct charges against Plaintiffs were dismissed.

## 42. U.S. CODE § 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS

65.

Plaintiff incorporates all previous paragraphs.

66.

Plaintiff's civil rights protected under 42 U.S.C.§ 1983 were violated by

Defendants, wherefore Plaintiff is entitled to bring this cause of action against

Defendants.

## 42. U.S. CODE § 1983 : FIRST AMENDMENT RETALIATION AND CHILLING CLAIM

67.

Plaintiffs incorporate all previous paragraphs.

68.

Pursuant to the First Amendment of the United States Constitution, Plaintiffs

were entitled to exercise freedom of expression and religion, peaceable assembly,

and to address the government for a redress of grievances.

69.

Plaintiffs were unlawfully seized by Defendants when Defendants refused to

respect Plaintiffs' unambiguous assertion that they did not wish to engage in any

interactions with Defendants and Defendants continued to harass them, in direct

retaliation for Plaintiff's expression of protected speech, freedom to worship and

freedom to assemble under the First Amendment.

70.

Plaintiffs' exercise of these rights under the First Amendment were essentially criminalized by Defendants, who labeled their worship of God as "reckless conduct" pursuant to Defendant Kemp's executive orders insinuating that such exercise of rights would be a misdemeanor.

71.

Plaintiffs committed no expression of unprotected speech, such as fighting words or other types of unlawful or unprotected speech.

72.

Defendants failed to demonstrate that Plaintiffs were infected with any contagious disease that would harm others, or otherwise a threat to public health.

73.

Defendants also failed to show that any members who were inside not observing the social distancing guidelines were subjected to such harassment or citations.

74.

Defendants retailed against Plaintiffs, and attempted to chill speech, by arbitrarily targeting them for citations and prosecution for their refusal to engage with law enforcement who were harassing them for engaging in the inalienable right to

worship God.

75.

Defendants colluded and conspired with each other in retaliating against Plaintiffs, abusing their constitutional authority by attempting to deprive Plaintiffs of their rights to assemble and worship, and not associate with those seeking to deprive them of those rights.

76.

In addition to retaliating against Plaintiffs for engaging in worship together, Defendants used their positions to insinuate to others in the community that people should not congregate to worship God when the government tells them not to do so. Overall, Defendants prevented Plaintiffs from exercising free speech, retaliated against Plaintiffs by using government power to take down everyone's identifying information they are required to display on their vehicles, refusing to adhere to their unequivocal expression that they do not wish to answer questions or speak to law enforcement, and issuing citations to those engaged in worship who refused to yield to law enforcement, and chilled Plaintiffs' current and future speech by making it clear that those engaged in the same activities would be detained, profiled, cited and removed by force, using law enforcement.

## 42. U.S. CODE § 1983 : FOURTH AMENDMENT VIOLATION

77.

Plaintiffs incorporate all previous paragraphs.

78.

There was a lack of probable cause, or arguable probable cause to charge

Plaintiffs with any crime or issue any citation.

79.

By continuously harassing Plaintiffs and not allowing them to end any alleged

voluntary interaction with law enforcement, despite unambiguous statements and

conduct asserting their wishes to terminate the encounters, Defendants effectively

detained Plaintiffs engaged in lawful worship in violation of their Fourth Amendment

right to unreasonable seizures.

80.

Defendants charged Plaintiffs with crimes, despite Plaintiffs' conduct being

legal.

## 42. U.S. CODE § 1983 : VIOLATION OF FIFTH AND SIXTH AMENDMENTS

81.

Plaintiffs incorporate all previous paragraphs.

82.

Defendants violated Plaintiffs' Fifth and Sixth Amendment rights to counsel

by not adhering to their clear, unambiguous assertions that they did not wish to speak with law enforcement and statements that they were represented by counsel.

## 42. U.S. CODE § 1983 : VIOLATION OF NINTH AMENDMENT

83.

Plaintiffs incorporate all previous paragraphs.

84.

Defendants violated Plaintiffs' Ninth Amendment rights by requiring and enforcing a "shelter in place" order and mandatory social distancing, despite the fact that neither the United States Constitution, nor the Constitution of the State of Georgia permit suspension of inalienable rights during any epidemic or pandemic.

## 42. U.S. CODE § 1983 : VIOLATION OF DUE PROCESS CLAIM

85.

Plaintiffs incorporate all previous paragraphs.

86.

By targeting Bible Way, a predominantly African-American church, for holding worship services, writing down tag numbers of all vehicles in the parking lot, and citing Plaintiffs for reckless conduct for holding worship and refusing to engage with law enforcement who were harassing Plaintiffs for holding their worship service, Defendants engaged in an unlawful deprivation of Plaintiffs' due process

rights by effectively criminalizing Plaintiffs' exercise of inalienable rights acknowledged and protected by the Constitution of the United States.

87.

By only enforcing the executive orders against a predominantly African-American church, Defendants violated Plaintiffs' Equal Protection rights.

88.

By citing Plaintiffs Cooper, Singleton and van Beverhoudt, who were members present outside of the church, with reckless conduct, and because no statements were ever made demonstrating where these specific Plaintiffs were violating any sort of COVID-19 guidelines, Defendants violated Plaintiffs Cooper, Singleton and van Beverhoudt's Equal Protection rights.

89.

By citing Plaintiff Porter with reckless conduct, despite no assertions that he, himself, was not observing COVID-19 guidelines, Defendants violated Plaintiff Porter's Equal Protection rights.

**STATE LAW CLAIMS: DEPRIVATION OF RIGHT TO FREEDOM OF SPEECH UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. II, III, IX, XIII AND XXIX; AND FALSE IMPRISONMENT**

90.

Plaintiffs incorporate all proceeding paragraphs.

91.

Defendants' targeting of Bible Way Church and of Plaintiffs engaged in the lawful exercise of their rights to congregate and worship unjustifiably violates their rights of freedom of expression and religion under Art. I, Sec. I, Para. III (freedom of conscience) and Para. IX (right to assemble and petition) of the Georgia Constitution.

## VIOLATION OF EQUAL PROTECTION UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. II

92.

Defendants' targeting of Bible Way Church, a predominantly African-American congregation, for holding worship services violates Plaintiffs' equal protection rights under Art. I, Sec. I, Para. II under the Georgia Constitution.

## VIOLATION OF UNREASONABLE SEIZURE UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. XIII, AND VIOLATION OF LIBERTY UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. XXIX

93.

Defendants' conduct of adhering to Plaintiffs' right to terminate an alleged "voluntary" encounter with law enforcement, as well as the assertion of Plaintiffs being represented by counsel, violates Plaintiffs' rights under Art. I, Sec. I, Para. XIII (searches, seizures, and warrants) of the Georgia Constitution.

94.

Defendants violated Plaintiffs' rights under Art. I, Sec. I, Para. XXIX (enumeration of rights not denial of others) by requiring and enforcing a "shelter in place" order and mandatory social distancing, despite the fact that neither the United States Constitution, nor the Constitution of the State of Georgia permit suspension of inalienable rights during any epidemic or pandemic.

95.

Defendants' refusal to allow Plaintiffs to terminate the encounter with law enforcement effectively restricted Plaintiffs' freedom of movement and demonstrated an intention to confine them for the purposes of holding them in place until compliance was adhered to.

## MALICIOUS PROSECUTION

96.

Plaintiffs incorporate all previous paragraphs.

97.

Charges against Plaintiffs were terminated in Plaintiff's favor.

98.

By Defendants maliciously issuing to Plaintiffs an official accusation or summons in the form of a citation for reckless conduct under O.C.G.A. § 16-5-60, the criminal section of the Georgia Code, without probable cause that Plaintiffs were

engaged in any unlawful conduct that violated said statute, and because these accusations were dismissed in July of 2021, Defendants sought to prosecute Plaintiffs maliciously based on the fact that Plaintiffs were part of a minority congregation engaged in lawful worship and refused to cooperate with Defendants while Defendants were attempting to deprive them of these rights to engage in said worship.

99.

Defendants' intentional and malicious actions caused Plaintiff harm, and entitles Plaintiff to damages, including but not limited to punitive damages.

## **NEGLIGENCE**

100.

Plaintiffs incorporate all previous paragraphs.

101.

Defendants' conduct breached their legal duties under numerous laws, including the open records act, the Georgia constitution, and public policies of Bulloch County, which damaged Plaintiffs.

## **PUNITIVE DAMAGES**

102.

Plaintiffs incorporate all previous paragraphs.

103.

The actions of Defendants, as set forth above, show intentional and willful misconduct, wantonness, and that entire want of care which raises the presumption of a conscious indifference to the consequences of their actions.   Accordingly, Plaintiff seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1 and Federal law.

WHEREFORE, Plaintiff prays:

(a)     That Summons issue requiring Defendants to be and appear in this Court within the time provided by law to answer this Complaint;

(b)     That Plaintiff receive a Jury Trial;

(c)     That Plaintiff receive favorable Judgment against Defendants for Compensatory Damages, General Damages, and Pain and Suffering as provided by law;

(d)     That Plaintiff be awarded Punitive Damages and Attorney's Fees as provided by law including but not limited to pursuant to 42 U.S.C. § 1988;

(e)     That Plaintiff be awarded an declaratory and injunctive relief, declaring that Defendants violated Plaintiff's constitutional rights, and enjoining them from preventing public comment criticizing government officials in the future; and,

(h)     That Plaintiff have such other additional relief as the Court may consider equitable and/or appropriate, given the circumstances of this case.

Respectfully Submitted, this 12th day of July, 2022.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643

Jessica Burton
Georgia State Bar No. 916253
Attorneys for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law
Jessica@Justice.Law

Kevin Gough
Georgia State Bar No. 303210
Attorney for Plaintiff

Kevin Gough Firm, LLC
P.O. Box 898
501 Gloucester Street, Suite 121
Brunswick, GA 31521
Phone: (912) 324-5418
Fax: (912) 480-9280
Kevingough.firm@gmail.com

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER  SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

**VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: SOWELL, MATT

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson
Bernard & Johnson, LLC
5 Dunwoody Park, Ste 100
Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

Page 2 of 2

# SUPERIOR COURT OF BULLOCH COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER  SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

**VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: LACIENSKI, CHRIS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER  SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

---

**PLAINTIFF**

                                             **VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

---

**DEFENDANTS**

## SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: HAMMOND, TFC2

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jordan Johnson**
> **Bernard & Johnson, LLC**
> **5 Dunwoody Park, Ste 100**
> **Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

JUL 13, 2022 10:01 AM

Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER  SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

                              **VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: HOLLOWAY, TFC3

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**
                              **VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

# SUPERIOR COURT OF BULLOCH COUNTY
# STATE OF GEORGIA

### SUMMONS

TO: DIGIACOMO, AARON

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

Page 2 of 2

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

**VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

# SUPERIOR COURT OF BULLOCH COUNTY
# STATE OF GEORGIA

### SUMMONS

TO: BORNE, JASON

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

**VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

# SUPERIOR COURT OF BULLOCH COUNTY
# STATE OF GEORGIA

### SUMMONS

TO: THIGPEN, DERRELL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

**VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

Page 1 of 2

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: MALONE, JONATHAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jordan Johnson**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA
**SUCV2022000145**

**JUL 13, 2022 10:01 AM**

Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   SUCV2022000145

Porter, Eli
Cooper, Keyron
Singleton, Michael
Beverhoudt, Timothy Van

_____

**PLAINTIFF**

                                        **VS.**

Sowell, Matt
Lacienski, Chris
Hammond, TFC2
Holloway, TFC3
Digiacomo, Aaron
Borne, Jason
Thigpen, Derrell
Malone, Jonathan
Kemp, Brian

_____

**DEFENDANTS**

## SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: KEMP, BRIAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jordan Johnson**
> **Bernard & Johnson, LLC**
> **5 Dunwoody Park, Ste 100**
> **Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of July, 2022.**

Clerk of Superior Court

Heather Banks McNeal, Clerk
Bulloch County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

☑ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

☑ **Superior** or ☐ **State Court of** _Bulloch_   **County** **SUCV2022000145**

**JUL 13, 2022 10:01 AM**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _07-13-2022_ | **Case Number** _SUCV2022000145_ |
| **MM-DD-YYYY** | _Heather Banks McNeal, Clerk_ |
| | Heather Banks McNeal, Clerk |
| | Bulloch County, Georgia |

**Plaintiff(s)**

Porter, Eli

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Cooper, Keyron

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Singleton, Michael

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Beverhoudt, Timothy Van

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Sowell, Matt

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Lacienski, Chris

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Hammond, TFC2

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Holloway, TFC3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Johnson, Jordan_   **Bar Number** _673643_   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☑ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**            **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

**SHERIFF'S ENTRY OF SERVICE**    FILED

BULLOCH COUNTY
CLERK'S OFFICE

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

Civil Action No. _____ **SUCV2022000145** _____

| | | |
|---|---|---|
| Superior Court | X | Magistrate Court |
| State Court | ☐ | Probate Court |
| Juvenile Court | ☐ | |

Date Filed _____ **07/13/22 10:01 AM** _____ 2022 JUL 14 P 1: 36

**JUL 13, 2022 10:01 AM**

Georgia, **BULLOCH** COUNTY

Heather Banks McNeal

Heather Banks McNeal, Clerk
Bulloch County, Georgia

Attorney's Address    **Johnson, Jordan**    Heather Banks McNeal
**Bernard & Johnson, LLC** CLERK OF COURT
**5 Dunwoody Park, Ste 100**
**Atlanta, GEORGIA 30338-**

Porter, Eli; Cooper, Keyron; Singleton, Michael;

Beverhoudt, Timothy Van

_____ Plaintiff

VS.

Sowell, Matt; Lacienski, Chris; Hammond, TFC2;

Name and Address of Party to be Served.
**Sowell, Matt**

Holloway, TFC3; Digiacomo, Aaron; Borne, Jason;

_____

**State Trooper Post 45, 10723 U.S. 301 South**    _____ Defendant

**Statesboro, GEORGIA 30458**

_Swainsboro_    _____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☑ Diligent search made and defendant _Matt Sowell_
not to be found in the jurisdiction of this court.

_Works at post in Swainsboro, Emanuel Co._

This _14_ day of _July_, 20 _22_

_By Kim_    _____ Deputy

## SHERIFF'S ENTRY OF SERVICE

FILED
BULLOCH COUNTY
CLERKS OFFICE

Civil Action No. _____ SUCV2022000145 _____

Date Filed _____ 07/13/22 10:01 AM _____   JUL 14 P 1: 36

Attorney's Address   Johnson, Jordan _____ McNeal
Bernard & Johnson, LLC CLERK OF COURT
5 Dunwoody Park, Ste 100
Atlanta, GEORGIA 30338-

Name and Address of Party to be Served.
 Lacienski, Chris

 1003 Morning Dove Ct

 Statesboro, GEORGIA 30461

| Superior Court | ☒ | Magistr |
| State Court | ☐ | Probate |
| Juvenile Court | ☐ | |

Georgia, **BULLOCH**

Porter, Eli; Cooper, Keyron; Singleton

Beverhoudt, Timothy Van

VS.

Sowell, Matt; Lacienski, Chris; Hamm

Holloway, TFC3; Digiacomo, Aaron;

---

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant   *Chris Lacienski*
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domic
defendant.

**CORPORATION**
☐ Served the defendant _____
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a co
door of the premises designated in said affidavit, and on the same day of such posting by depositir
same in the United States Mail, first class in an envelope property address to the defendant(s) at th
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer s
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This  *14*  day of  *July* , 20  *22* _____         By _____

**SHERIFF'S ENTRY OF SERVICE**

FILED
BULLOCH COUNTY
CLERK'S OFFICE

2022 JUL 14  P 1: 36

Heather Banks McNeal
CLERK OF COURT

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA
SUCV2022000145

JUL 13, 2022 10:01 AM

Heather Banks McNeal, Clerk
Bulloch County, Georgia

Civil Action No. _____ **SUCV2022000145** _____

Date Filed _____ **07/13/22 10:01 AM** _____

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, **BULLOCH** COUNTY

Attorney's Address   **Johnson, Jordan**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, GEORGIA 30338-**

Porter, Eli; Cooper, Keyron; Singleton, Michael;

Beverhoudt, Timothy Van

_____ Plaintiff

VS.

Sowell, Matt; Lacienski, Chris; Hammond, TFC2;

Name and Address of Party to be Served.
**Holloway, TFC3**

**State Trooper Post 45, 10723 U.S. 301 South**

**Statesboro, GEORGIA 30458**

Holloway, TFC3; Digiacomo, Aaron; Borne, Jason;

_____ Defendant

_____ Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant _____ *Jamey Holloway* _____ personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This **14** day of _____ **July** _____, 20 **22** _____

_____ Deputy

SHERIFF'S ENTRY OF SERVICE

FILED BULLOCH COUNTY CLERK'S OFFICE

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA
SUCV2022000145
JUL 13, 2022 10:01 AM
Heather Banks McNeal, Clerk
Bulloch County, Georgia

Civil Action No.  **SUCV2022000145**

Date Filed  **07/13/22 10:01 AM**

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, **BULLOCH** COUNTY

Attorney's Address  Johnson, Jordan
*Heather Banks McNeal*
CLERK OF COURT
Bernard & Johnson, LLC
5 Dunwoody Park, Ste 100
Atlanta, GEORGIA 30338-

Porter, Eli; Cooper, Keyron; Singleton, Michael;

Beverhoudt, Timothy Van

Plaintiff

Name and Address of Party to be Served.
 **Digiacomo,  Aaron**

VS.

Sowell, Matt; Lacienski, Chris; Hammond, TFC2;

**State Trooper Post 45, 10723 U.S. 301 South**

Holloway, TFC3; Digiacomo, Aaron; Borne, Jason;

Defendant

**Statesboro, GEORGIA 30458**

*Rincon*

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant _____a corporation
☐ by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☑ Diligent search made and defendant *Aaron Digiacomo*
not to be found in the jurisdiction of this court.
*work at post in Rincon, Effingham Co.*

This **14** day of **July**, 20 **22**

_____
Deputy

**SHERIFF'S ENTRY OF SERVICE**

FILED
BULLOCH COUNTY
CLERK'S OFFICE

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

SUCV2022000145

JUL 13, 2022 10:01 AM

Heather Banks McNeal, Clerk
Bulloch County, Georgia

Civil Action No. __SUCV2022000145__

|  | Superior Court | X | Magistrate Court | |
|---|---|---|---|---|
|  | State Court | ☐ | Probate Court | ☐ |
|  | Juvenile Court | ☐ | | |

Date Filed __07/13/22 10:01 AM__          2022 JUL 15  A 8: 39

Georgia, __BULLOCH__ COUNTY

Attorney's Address   **Johnson, Jordan**
**Bernard & Johnson, LLC**
**5 Dunwoody Park, Ste 100**
**Atlanta, GEORGIA 30338-**

*Heather Banks McNeal*
CLERK OF COURT

Porter, Eli; Cooper, Keyron; Singleton, Michael;

Beverhoudt, Timothy Van
_____
Plaintiff

Name and Address of Party to be Served.
_Borne, Jason_
_____

State Trooper Post 45, 10723 U.S. 301 South
_____

Statesboro, GEORGIA 30458
_____

VS..
Sowell, Matt; Lacienski, Chris; Hammond, TFC2;
_____
Holloway, TFC3; Digiacomo, Aaron; Borne, Jason;
_____
Defendant
_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant _Jason Borne_ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This _14_ day of _July_, 20_22_ _____

_Tracy Miller_ B-07
Deputy

SHERIFF'S ENTRY OF SERVICE

FILED
BULLOCH COUNTY
CLERK'S OFFICE

2022 JUL 15  A 8: 40

*Heather Banks McNeal*
CLERK OF COURT

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**

JUL 13, 2022 10:01 AM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

Civil Action No. **SUCV2022000145**

Date Filed **07/13/22 10:01 AM**

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |

| | |
|---|---|
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, **BULLOCH** COUNTY

Attorney's Address   **Johnson, Jordan
Bernard & Johnson, LLC
5 Dunwoody Park, Ste 100
Atlanta, GEORGIA 30338-**

Porter, Eli; Cooper, Keyron; Singleton, Michael;

Beverhoudt, Timothy Van

                                          Plaintiff

VS.

Name and Address of Party to be Served.
**Hammond, TFC2**

State Trooper Post 45, 10723 U.S. 301 South

Statesboro, GEORGIA 30458

Sowell, Matt; Lacienski, Chris; Hammond, TFC2;

Holloway, TFC3; Digiacomo, Aaron; Borne, Jason;

                                          Defendant

                                          Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant ___*Brent Hammond*___ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This __*14*__ day of ___*July*___, 20 *22* _____

___*B/Kj*___
                                          Deputy

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2022000145**
MM
**AUG 04, 2022 11:24 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

## IN THE SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ELI PORTER, et al., | |
| *Plaintiffs,* | |
| vs. | CIVIL ACTION NO. SUCV2022000145 |
| SGT. DERRELL THIGPEN, et al., | |
| *Defendants.* | |

### DEFENDANTS KEMP, THIGPEN, SOWELL, LACIENSKI, HAMMOND, HOLLOWAY, AND DIGIACOMO'S SPECIAL APPEARANCE ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW Defendants Governor Brian Kemp, Derrell Thigpen, Matt Sowell, Chris Lacienski, Brent Hammond, Jamay Holloway, and Aaron DiGiacomo, appearing specially and without submitting themselves to the jurisdiction of this Court, and respond to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by Eleventh Amendment immunity, sovereign immunity, and/or official immunity.

### THIRD DEFENSE

Plaintiffs' claims against Defendants fail, in whole or in part, for lack of subject matter jurisdiction.

### FOURTH DEFENSE

Defendants committed no negligent, or otherwise tortious, act or omission.

**FIFTH DEFENSE**

Plaintiffs' tort claims against Defendants should be dismissed due to failure of process, improper service of process, insufficiency of service of process, and failure to comply with O.C.G.A. § 50-21-35.  Specifically, Plaintiffs have: (1) failed to cause process to be served upon the Director of the Risk Management Division of the Department of Administrative Services at his usual office address; (2) failed to cause process to be served upon the chief executive officer of the agencies at issue, and (3) failed to mail to the Attorney General at his usual office address, by certified mail or statutory overnight delivery, return receipt requested, a copy of the Complaint showing the date of filing.

**SIXTH DEFENSE**

Plaintiffs failed to attach to the Complaint as an exhibit a certificate stating that the requirement of mailing to the Attorney General has been met pursuant to O.C.G.A. § 50-21-35.

**SEVENTH DEFENSE**

Plaintiffs have failed to give an ante litem notice as required by O.C.G.A. § 50-21-26(a), with the result that their tort claims against Defendants should be dismissed.

**EIGHTH DEFENSE**

Plaintiffs' tort claims against Defendants should be dismissed to the extent they seek recovery for losses resulting from acts or omissions for which there is no waiver of sovereign immunity under the Georgia Tort Claims Act.  *See* O.C.G.A. § 50-21-24.

**NINTH DEFENSE**

Plaintiffs' tort claims against Defendants should be dismissed because all actions allegedly taken by them were taken while acting within the scope of their official duties on

behalf of a state government entity of the State of Georgia.  Thus, they are not subject to lawsuit or liability for any tort claims pursuant to O.C.G.A. § 50-21-25(a).

## TENTH DEFENSE

Plaintiffs' tort claims against Defendants should be dismissed to the extent they seek recovery for punitive damages because such damages are not permitted under O.C.G.A. § 50-21-30.

## ELEVENTH DEFENSE

Plaintiffs' civil rights claims are barred, in whole or in part, by the doctrine of qualified immunity.

## TWELFTH DEFENSE

Plaintiffs' civil rights claims fail because Defendants have not denied them any rights, privileges, or immunities secured by the U.S. Constitution, Georgia Constitution, or laws of the United States.

## THIRTEENTH DEFENSE

Plaintiffs' civil rights claims are barred, in whole or in part, on the basis that Defendants, sued in their official capacity, are not "persons" subject to suit under 42 U.S.C. § 1983.

## FOURTEENTH DEFENSE

No private right of action exists for Plaintiffs' civil rights claims under the Georgia Constitution.

## FIFTEENTH DEFENSE

The executive orders at issue in this case are supported by compelling state interests, such that Plaintiff's constitutional claims fail as a matter of law.

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiffs' claims or contentions are more particularly identified in this case. Subject to and without waiving any of the foregoing defenses, Defendants respond to the individually numbered paragraphs of the Complaint as follows:

1.

In response to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Defendants admit that Derrell Thigpen was, at all relevant times, the sergeant in charge and a responding law enforcement officer with the Georgia State Patrol. Defendants further admit that venue is proper in this Court, but deny subject matter jurisdiction to the extent that Plaintiffs' claims are barred by sovereign immunity, official immunity and/or Eleventh Amendment immunity. Defendants deny the remaining allegations contained in Paragraph 1.

2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendants admit that Matt Sowell was, at all relevant times, the corporal in charge and a responding law enforcement officer with the Georgia State Patrol. Defendants further admits that venue is proper in this Court, but deny subject matter jurisdiction to the extent that Plaintiffs' claims are barred by sovereign immunity, official immunity, and/or Eleventh Amendment immunity. Defendants deny the remaining allegations contained in Paragraph 2.

3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendants admit that, at all relevant times, Jonathan Malone was a Trooper First Class and a responding law enforcement officer with the Georgia State Patrol. Defendants deny the remaining allegations in Paragraph 3.

4

4.

In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendants admit that, at all relevant times, Chris Lacienski was the lieutenant in charge and a responding law enforcement officer with the Georgia State Patrol.  Defendants deny the remaining allegations in Paragraph 4.

5.

In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendants admit that, at all relevant times, Brent Hammond was a Trooper First Class and a responding law enforcement officer with the Georgia State Patrol.  Defendants deny the remaining allegations in Paragraph 5.

6.

In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendants admit that, at all relevant times, Jamay Holloway was a Trooper First Class and a responding law enforcement officer with the Georgia State Patrol.  Defendants deny the remaining allegations in Paragraph 6.

7.

In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendants admit that, at all relevant times, Aaron DiGiacomo was a Trooper First Class and a responding law enforcement officer with the Georgia State Patrol.  Defendants deny the remaining allegations in Paragraph 7.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are not directed to these Defendants, such that no response is required.  To the extent, however, a response is required, the allegations are denied.

9.

In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendants deny that Governor Kemp individually harmed Plaintiffs.  Defendants admit the remaining allegations contained in Paragraph 9.

9.5.

Defendants admit the allegations contained in Paragraph 9.5 of Plaintiffs' Complaint.

**RESPONSE TO FACTUAL BACKGROUND FOR CLAIMS**

10.

In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendants admit, upon information and belief, that Eli Porter was a pastor conducting worship services for the Redeeming Church of God the Bible Way ("Bible Way") on April 5, 2020. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and so they are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, admit, upon information and belief, that Keyron Cooper was a member of Bible Way engaging in worship on April 5, 2020.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and so they are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendants admit, upon information and belief, that Michael Singleton was a member of Bible Way engaging in worship on April 5, 2020.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and so they are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendants admit, upon information and belief, that Timothy van Beverhoudt was a member of Bible Way engaging in worship on April 5, 2020.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and so they are denied.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

16.

The allegations contained in Paragraph 16 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

18.

The allegations contained in Paragraph 18 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

20.

The allegations contained in Paragraph 20 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint refer to an Executive Order, which speaks for itself, and Defendants deny any allegations inconsistent therewith. In further response, Defendants deny that any of Governor Kemp's executive orders relating to COVID-19 violated the First Amendment of the United States Constitution or Georgia Constitution.

32.

In response to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendants admit that, on April 5, 2020, Bible Way held worship services where members congregated to worship God pursuant to their faith and the dictates of their conscience. In further response, Defendants state that the law governing the First Amendment of the United States Constitution and Georgia Constitution speaks for itself, and they deny any allegations inconsistent therewith. They specifically deny that they violated Plaintiffs' First Amendment rights.

33.

Defendants admit, upon information and belief, the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendants admit, upon information and belief, the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint, and so they are denied.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

37.

The allegations contained in Paragraph 37 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.  Defendants specifically deny that they were trying to "shut down" services at Bible Way because Plaintiffs could have continued to worship as long as they did so in compliance with Governor Kemp's executive orders.

38.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

41.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

42.

The allegations contained in Paragraph 42 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

44.

The allegations contained in Paragraph 44 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

45.

The allegations contained in Paragraph 45 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

46.

The allegations contained in Paragraph 46 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

47.

The allegations contained in Paragraph 47 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

48.

The allegations contained in Paragraph 48 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.  Defendants specifically deny that Defendant Thigpen harassed Plaintiff Porter or any other Bible Way members.

49.

The allegations contained in Paragraph 49 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

50.

The allegations contained in Paragraph 50 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.  Defendants specifically deny that they were trying to "shut down" services at Bible Way because Plaintiffs could have continued to worship as long as they did so in compliance with Governor Kemp's executive orders.

51.

The allegations contained in Paragraph 51 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

52.

The allegations contained in Paragraph 52 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

53.

The allegations contained in Paragraph 53 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

54.

The allegations contained in Paragraph 54 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

55.

The allegations contained in Paragraph 55 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

56.

The allegations contained in Paragraph 56 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

57.

The allegations contained in Paragraph 57 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

58.

The allegations contained in Paragraph 58 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

59.

The allegations contained in Paragraph 59 of Plaintiffs' Complaint refer to information contained in the incident report and citations, which speak for themselves, and Defendants deny any allegations inconsistent therewith.

60.

The allegations contained in Paragraph 60 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

61.

The allegations contained in Paragraph 61 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.

62.

The allegations contained in Paragraph 62 of Plaintiffs' Complaint refer to information contained in the incident report, which speaks for itself, and Defendants deny any allegations inconsistent therewith.  Defendants specifically deny that any order to cite Plaintiffs for reckless conduct was unconstitutional.

63.

The allegations contained in Paragraph 63 of Plaintiffs' Complaint refer to information contained in the incident report and citations, which speak for themselves, and Defendants deny any allegations inconsistent therewith.

64.

The allegations contained in Paragraph 64 of Plaintiffs' Complaint refer to information contained in court documents, which speak for themselves, and Defendants deny any allegations inconsistent therewith.

## RESPONSE TO 42 U.S. CODE § 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS

### 65.

Defendants incorporate their responses to Paragraphs 1 through 64 as if fully set forth herein.

### 66.

Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

## RESPONSE TO 42 U.S. CODE § 1983: FIRST AMENDMENT RETALIATION AND CHILLING CLAIM

### 67.

Defendants incorporate their responses to Paragraphs 1 through 66 as if fully set forth within.

### 68.

The First Amendment and the caselaw that governs it speak for themselves, and Defendants deny any allegations inconsistent therewith.

### 69.

Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

### 70.

Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

### 71.

Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

### 72.

Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.

Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.

Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

**RESPONSE TO 42 U.S. CODE § 1983: FOURTH AMENDMENT VIOLATION**

77.

Defendants incorporate their responses to Paragraphs 1 through 76 as if fully set forth within.

78.

Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.

Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

**RESPONSE TO 42 U.S. CODE § 1983: VIOLATION OF FIFTH AND SIXTH AMENDMENTS**

81.

Defendants incorporate their responses to Paragraphs 1 through 80 as if fully set forth herein.

82.

Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

**RESPONSE TO 42 U.S. CODE § 1983: VIOLATION OF NINTH AMENDMENT**

83.

Defendants incorporate their responses to Paragraphs 1 through 82 as if fully set forth herein.

84.

Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

**RESPONSE TO 42 U.S. CODE § 1983: VIOLATION OF DUE PROCESS CLAIM**

85.

Defendants incorporate their responses to Paragraphs 1 through 84 as if fully set forth herein.

86.

Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

**RESPONSE TO STATE LAW CLAIMS: DEPRIVATION OF RIGHT TO FREEDOM OF SPEECH UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. II, III, IX, XIII, AND XXIX; FALSE IMPRISONMENT**

90.

Defendants incorporate their responses to Paragraphs 1 through 89 as if fully set forth herein.

91.

Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

**RESPONSE TO VIOLATION OF EQUAL PROTECTION UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. II**

92.

Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

**RESPONSE TO VIOLATION OF UNREASONABLE SEIZURE UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. XIII, AND VIOLATION OF LIBERTY UNDER THE GEORGIA CONSTITUTION, ART. I, SEC. I, PARA. XXIX**

93.

Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.

Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.

Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

**RESPONSE TO MALICIOUS PROSECUTION**

96.

Defendants incorporate their responses to Paragraphs 1 through 95 as if fully set forth herein.

97.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiffs' Complaint, and so they are denied.

98.

Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.

Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

## RESPONSE TO NEGLIGENCE

100.

Defendants incorporate their responses to Paragraphs 1 through 99 as if fully set forth herein.

101.

Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

## RESPONSE TO PUNITIVE DAMAGES

102.

Defendants incorporate their responses to Paragraphs 1 through 101 as if fully set forth herein.

103.

Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

## GENERAL DENIAL

To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendants deny the allegation.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiffs on all claims, that Plaintiffs take nothing from Defendants and that Defendants be awarded and Plaintiffs be assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

Respectfully submitted this 4th day of August, 2022.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 551540 |
| LORETTA L. PINKSTON-POPE<br>Deputy Attorney General | 580385 |
| ROGER A. CHALMERS<br>Senior Assistant Attorney General | 118720 |
| WADE W. HERRING, III<br>Assistant Attorney General | 278313 |
| */s/ Ellen Cusimano*<br>ELLEN CUSIMANO<br>Assistant Attorney General | 844964 |

Attorneys for Defendants Thigpen, Sowell, Malone, Lacienski, Hammond, Holloway, DiGiacomo, and Kemp

Please Contact:
ELLEN CUSIMANO
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 458-3597
Facsimile:  (404) 651-5304
E-mail: ecusimano@law.ga.gov

## **CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Jordan Johnson
Jessica Burton
Kevin Gough

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

Submitted this 4th day of August, 2022.

*/s/ Ellen Cusimano*
ELLEN CUSIMANO      844964
Assistant Attorney General