IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

|  |  |  |
|---|---|---|
| ELI PORTER, FRANCOIS WILLIAMS, MICHAEL SINGLETON, and TIMOTHY VAN BEVERHOUDT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 6:22-cv-00057-JRH-BKE |
| SGT. DERRELL THIGPEN, CPL. MATT SOWELL, TFC. JONATHAN MALONE, LT. CHRIS LACIENSKI, TFC2 HAMMOND, TFC3 HOLLOWAY, TFC. AARON DIGIACOMO, DEPUTY JASON MICHAEL BORNE in their individual and official capacity as LEOs, and BRIAN KEMP, in his individual and official capacity as governor of the State of Georgia, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**JASON BORNE'S SECOND MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

Defendant Jason Borne ("Deputy Borne"), a Bulloch County Sheriff's Deputy, submits this memorandum in support of his second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under Rule 8 for failure to properly plead.

## I.   INTRODUCTION

*1.   Original Complaint*

On July 13, 2022, Plaintiffs filed their Original Complaint in Bulloch County Superior Court. (Doc. 1-1). Defendants subsequently removed the case to the Southern District of Georgia. (Docs. 1, 1-1). In the Original Complaint, Plaintiffs

named Sergeant Derrell Thigpen, Corporal Matt Sowell, Trooper First Class Jonathan Malone, Lieutenant Chris Lacienski, Trooper First Class Hammond, Trooper First Class Holloway, Trooper First Class Aaron Digiacomo, Deputy Jason Michael Borne, and Governor Brian Kemp as Defendants in their individual and official capacities. (Id. at 1). Plaintiffs listed and described several of Gov. Kemp's Executive Orders regarding the COVID-19 pandemic. (Id. at 5-10).

Plaintiffs alleged that while Bible Way (Church) held services, on or about April 5, 2020, an unnamed Bulloch County Sheriff's Deputy alerted the Georgia State Patrol of the church gathering. (Id. at 10-11). Plaintiffs further claimed that Defendants Thigpen and Sowell arrived at Bible Way to attempt to shut down the church service. (Id. at 11). Plaintiffs alleged that after Defendant Thigpen and Sowell arrived, Defendant Thigpen approached members outside the building, and Defendant Sowell wrote down license plate information of the cars in the parking lot. (Id. at 11-12). Defendant Thigpen allegedly called for Bulloch County Deputies to assist with enforcement of Governor Kemp's COVID-19 orders. (Id. at 12). While awaiting Bulloch County Deputies and other law enforcement officers, Defendants Thigpen and Sowell allegedly approached many unnamed Bible Way members attempting to identify the pastor. (Id.). The unnamed members of the church allegedly refused to speak with Defendants Thigpen and Sowell. (Id.).

Defendant Sowell then allegedly approached Plaintiff Porter, the pastor of Bible Way, but according to the Original Complaint, Plaintiff Porter stated he did not wish to speak to law enforcement. (Id.). Defendant Thigpen allegedly approached

Plaintiff Porter seeking to obtain "voluntary compliance," at which time Porter claimed to Thigpen that he was represented by legal counsel. (Id. at 13). Thigpen allegedly spoke with Porter's attorney and informed him that he and other officers were seeking "voluntary compliance," and if he was not able to obtain voluntary compliance then he would have to "mandate compliance" with Governor Kemp's Executive Order. (Id.).

Plaintiffs alleged that Defendant Lacienski arrived with Defendants Hammond, Holloway, and DiGiacomo. (Id. at 14). Defendants Lacienski, Hammond, Holloway, and DiGiacomo allegedly assisted Defendant Sowell in documenting the vehicles parked at the church. (Id.). Plaintiffs claimed that Lacienski then requested that Plaintiffs Cooper, Singleton, and van Beverhoudt identify themselves within the next five (5) minutes. (Id.). Plaintiffs further claimed that Lacienski then explained that he had been to Bible Way earlier that day regarding members congregating. (Id.). Defendant Lacienski allegedly cited Governor Kemp's Executive Order explaining the reason why law enforcement was at the church. (Id. at 15). Defendant Lacienski then allegedly ordered Defendant DiGiacomo to issue citations to Plaintiffs Cooper, Singleton, and van Beverhoudt for reckless conduct in violation of O.C.G.A. § 16-5-60, and subsequently issued the same citation to Plaintiff Porter. (Id. at 16).

In the Original Complaint, Plaintiffs alleged several 42 U.S.C. § 1983 claims including:

1.  42 U.S.C. § 1983 Civil Action for Deprivation of Rights

2.  42 U.S.C. § 1983: First Amendment Retaliation and Chilling Claim

3. 42 U.S.C. § 1983: Fourth Amendment Violation

4. 42 U.S.C. § 1983: Violation of Fifth and Sixth Amendments

5. 42 U.S.C. § 1983: Violation of Ninth Amendment

6. 42 U.S.C. § 1983: Violation of Due Process Claim

(Id. at 16-22). Plaintiffs also alleged several state law claims including:

7. Deprivation of Right to Freedom of Speech Under the Georgia Constitution, Art. I, Sec. I, Para. II, III, IX, XIII, and XXIX; and False Imprisonment

8. Violation of Equal Protection Under the Georgia Constitution, Art. I, Sec. I, Para. II

9. Unreasonable Seizure Under the Georgia Constitution, Art. I, Sec. I, Para. XIII, and Violation of Liberty Under the Georgia Constitution, Art. I, Sec. I, Para. XXIX

10. Malicious Prosecution

11. Negligence

(Id. at 22-25).

In the Original Complaint, the only allegation regarding Deputy Borne was a single conclusory allegation that he "individually harmed plaintiff in this manner." (Id. at ¶ 8). As a result, Deputy Borne filed his first motion to dismiss, arguing that Plaintiffs' Original Complaint was an impermissible shotgun pleading that failed to allege any personal participation by Deputy Borne. (Doc. 4). Before the Court ruled on Deputy Borne's first motion to dismiss, Plaintiffs filed their First Amended Complaint.

4

2. _First Amended Complaint_

Plaintiffs' First Amended Complaint, filed on August 22, 2022, made three changes to the Original Complaint. (Doc. 10). First, Plaintiffs substituted Plaintiff Keyron Cooper for Plaintiff Francois Williams. Plaintiff Williams replaced all mention of Plaintiff Cooper in the First Amended Complaint. Second, Plaintiffs added a conclusory allegation against Deputy Borne under the claim titled "42 U.S. Code § 1983 : Violation of Due Process Claim," alleging in Paragraph 89.5 that "Deputy Borne responded to the scene and failed to stop other law enforcement officers from violating the rights of citizens engaged in free exercise of religion pursuant to their rights under the First Amendment of the United States Constitution." Third, Plaintiffs added a claim titled "Failure to Intervene," which contains the lone conclusory allegation in Paragraph 99.5 that "Defendant Borne failed to intervene when he had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants."

Deputy Borne now files this second motion to dismiss on several grounds: (1) Deputy Borne is entitled to immunity from the federal claim alleged against him in his individual and official capacities; (2) Deputy Borne is entitled to immunity from the state law claim, to the extent one is asserted, alleged against him in his individual and official capacities; (3) Plaintiffs' First Amended Complaint fails to state a claim against Deputy Borne; (4) Plaintiffs' First Amended Complaint is an impermissible shotgun pleading; and (5) any claims asserted by the new Plaintiff, Francois Williams, are barred by the statute of limitations.

## II.    <u>STANDARD OF REVIEW</u>

Under the Federal Rules of Civil Procedure, a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (internal quotations and citations omitted); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Franklin v. Curry</u>, 738 F.3d 1246, 1250 (11th Cir. 2013). When considering a motion to dismiss filed pursuant to Rule 12(b)(6), all facts in the complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." <u>GSW, Inc. v. Long Cnty.</u>, 999 F.2d 1508, 1510 (11th Cir. 1993); <u>Day v. Vaughn</u>, 56 F. Supp. 3d 1377, 1379 (S.D. Ga. 2014). However, conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 664; <u>see</u> <u>also</u> <u>Randall v. Scott</u>, 610 F.3d 701, 709-10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations."). In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Iqbal</u>, 556 U.S. at 678; <u>Franklin</u>, 738 F.3d at 1251; <u>U.S. ex rel. St. Joseph's Hosp., Inc. v. United Distribs., Inc.</u>, 918 F. Supp. 2d 1306, 1312 (S.D. Ga. 2013).

Courts should consider only those facts which are well-pled and "then determine whether they plausibly give rise to an entitlement of relief. <u>Iqbal</u>, 556 U.S. at 664; <u>Resnick v. AvMed, Inc.</u>, 693 F.3d 1317, 1325 (11th Cir. 2012); <u>Day</u>, 56 F. Supp. 3d at 1380. A plaintiff must allege "plausible grounds to infer" that his claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 570.  Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (alteration in original) (quoting <u>Twombly</u>, 550 U.S. at 557); <u>see also</u> <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (explaining complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.")). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 663-64.

### III.    <u>ARGUMENT AND CITATION TO AUTHORITY</u>

#### 1.    *Immunity From Federal Claim*

Plaintiffs have arguably alleged only one federal claim against Deputy Borne. In the First Amended Complaint, Plaintiffs assert that "Deputy Borne responded to the scene and failed to stop[1] other law enforcement officers from violating the rights

---

[1] Deputy Borne construes this allegation as a claim pursuant to 42 U.S.C. § 1983 for failure to intervene. It is not entirely clear whether Plaintiffs used the phrase "failed to stop" as a term of art. To the extent Plaintiffs intended to assert a claim pursuant to 42 U.S.C. § 1983 for supervisory failure to stop, that claim fails. Courts in the Eleventh Circuit have held that a failure to stop claim applies under a theory of supervisory liability. <u>See</u> <u>Keating v. City of Miami</u>, 598 F.3d 753, 765 (11th Cir. 2010) ("The difference between a direct failure to intervene claim and a failure to stop claim under a theory of supervisory liability lies in the position and authority of the

of citizens engaged in free exercise of religion pursuant to their rights under the First Amendment of the United States Constitution." (Doc. 10 at ¶ 89.5). For the reasons that follow, Deputy Borne is entitled to immunity in both his individual and official capacities, and thus, the complaint should be dismissed.

### A.   Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his official capacity is barred by Eleventh Amendment immunity.

Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his official capacity is barred by Eleventh Amendment immunity. This Court has held that Eleventh Amendment immunity bars suits against government officials acting as "arms of the State." McRae v. Telfair Cnty., No. 3:18-cv-077-DHB-BKE, 2020 WL 5608637, at *4 (S.D. Ga. Sept. 18, 2020) (citing Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)). The Eleventh Circuit has set out four factors for determining whether an entity or an official is an "arm of the State" when carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity. Id. at *4 (citing Manders, 338 F.3d at 1309). This Court, after applying these factors, has found that Eleventh Amendment immunity applies to sheriffs and deputies performing traditional law enforcement functions. Turner v. Martin, 521 F. Supp. 3d 1310, 1319 (S.D. Ga. 2021) (citing Temple v. McIntosh Cnty., No. 2:18-cv-91, 2019 WL 287482, at *4 (S.D. Ga. 2019)). Deputy Borne was engaged

---

defendant with respect to the person who commits the constitutional violation."). Plaintiffs have not alleged and cannot show that Deputy Borne, a deputy sheriff, was in a supervisory position of authority over the Georgia State Patrol Troopers who requested his presence at the scene.

in a traditional law enforcement function when he allegedly responded to the scene, notably, at the request of state law enforcement agents to enforce the Governor's executive orders that he was specifically directed by law to enforce. Thus, Deputy Borne was acting as an "arm of the State" at all times relevant to Plaintiffs' First Amended Complaint and is protected by Eleventh Amendment immunity.

Although Defendants concede that they have waived immunity from suit in a federal forum by virtue of voluntarily removing this action from state to federal court, the Eleventh Circuit recognizes two classes of Eleventh Amendment immunity: "forum immunity" and "claim immunity." Hardy v. Ga. Dep't of Corr., No. 1:17-cv-172, 2019 WL 4670758, at *4 (S.D. Ga. Sept. 24, 2019) (citing Stroud v. McIntosh, 722 F.3d 1294, 1302-03 (11th Cir. 2013)). Removal does not constitute waiver of claim immunity. Id. (citing Stroud, 722 F.3d at 1303). The relevant question is thus whether Deputy Borne in his official capacity would be immune from Plaintiffs' claims if they were brought in state court. Moon v. Rockdale Cnty., 188 F. Supp. 3d 1369, 1379-80 (N.D. Ga. 2016). For the reasons presented infra, Plaintiffs can point to no constitutional provision or legislative enactment waiving sovereign immunity for their claims against Deputy Borne in his official capacity. Thus, Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his official capacity must be dismissed.

**B.   Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his official capacity fails because there is no allegation of any unconstitutional custom or policy.**

Even if Deputy Borne were not entitled to Eleventh Amendment immunity, Plaintiffs' claim against him in his official capacity must be dismissed. In Monell v. Dep't of Soc. Servs., the Supreme Court held that a local government entity cannot

9

be liable under 42 U.S.C. § 1983 using a respondeat superior theory for injuries caused by its employees. 436 U.S. 658, 691 (1978). Instead, to impose entity liability under section 1983, Plaintiffs must show: "(1) that [their] constitutional rights were violated; (2) that the [government entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

The custom or policy in question must be the "moving force" behind the constitutional deprivation for a court to find sufficient causation. Monell, 436 U.S. at 690-94. Additionally, any claims based on an unconstitutional custom or policy fail when there is no underlying constitutional violation upon which to base liability. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). A plaintiff cannot rely only on his individual treatment to establish a policy or custom. Craig v. Floyd Cnty., 643 F.3d 1306, 1311-12 (11th Cir. 2011) (finding that proof of a single incident of unconstitutional activity is not sufficient to impose liability on a governmental entity).

Here, there are no allegations of any unconstitutional policy or custom in place at the Bulloch County Sheriff's Office or with the State of Georgia causing any of Plaintiffs' alleged injuries related to Deputy Borne's alleged failure to intervene. Therefore, Plaintiffs have not stated a claim against Deputy Borne in his official capacity.

### C.   Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his individual capacity is barred by qualified immunity.

Plaintiffs allege that Deputy Borne failed to intervene and stop other law enforcement officers from violating their First Amendment right to freely exercise their religion. (Doc. 10 at ¶ 89.5). Deputy Borne is entitled to qualified immunity on this claim because it was not clearly established on April 5, 2020, that such a cause of action existed. See Gilmore v. Milton, No. 6:18-cv-115-RSB-CLR, 2020 WL 7249627, at *6 (S.D. Ga. Dec. 9, 2020).

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). The doctrine is "intended to 'allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.'" Hoyt v. Cooks, 672 F.3d 972, 977 (11th Cir. 2012) (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)).

To rely upon qualified immunity, a defendant first must show that he or she acted within his or her discretionary authority. Mobley v. Palm Beach Cnty. Sheriff Dep't, 783 F.3d 1347, 1352 (11th Cir. 2015). Specifically, a defendant must show that he "was (a) performing a legitimate job-related function (that is, pursuing a job-

related goal), (b) through means that were within his power to utilize." <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1265 (11th Cir. 2004).

The allegations in Plaintiffs' First Amended Complaint indicate that, at all relevant times on April 5, 2020, Deputy Borne was acting within his authority as a Bulloch County Sheriff's Deputy. Plaintiffs specifically allege that GSP Troopers requested Bulloch County deputies to assist with enforcing compliance with Governor Kemp's COVID-19 orders and Plaintiffs acknowledge that sheriff's deputies were authorized to enforce the orders. (<u>See</u> Doc. 10 at ¶¶ 27, 41). Thus, Deputy Borne's alleged presence at the scene was a legitimate job-related function through means that were in his power to utilize. Plaintiffs' First Amended Complaint does not allege or insinuate that Deputy Borne was acting beyond the scope of his discretionary authority. Therefore, Deputy Borne may properly assert the defense of qualified immunity and the burden shifts to Plaintiffs to show that qualified immunity is not appropriate. <u>Lee</u>, 284 F.3d at 1194.

The Court must grant qualified immunity unless the facts taken in the light most favorable to Plaintiff show: (1) that there was a violation of the Constitution, and (2) that the illegality of the Defendants' actions was clearly established at the time of the incident. <u>Hoyt</u>, 672 F.3d at 977. The Court has discretion in deciding which of those two prongs to address first. <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009). Because it cannot be said that the illegality of Deputy Borne's alleged failure to intervene was clearly established on April 5, 2020, the Court does not need to decide whether there was a constitutional violation. <u>Gilmore</u>, 2020 WL 7249627 at *7.

The violation of a constitutional right is clearly established if a reasonable official would understand that his conduct violates that right. See Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011) (en banc). This showing can be made in one of three ways. First, the plaintiff may point to a "materially similar case [that] has already been decided" by the Supreme Court of the United States, the Eleventh Circuit Court of Appeals, or the highest court of the pertinent state, affirming the existence of the right and thereby providing fair notice that the at-issue conduct would constitute a violation of the at-issue right. Loftus v. Clark-Moore, 690 F.3d 1200, 1204 (11th Cir. 2012). Second, a broad statement of principle from "a federal constitutional or statutory provision or earlier case law" can provide notice that certain conduct amounts to a constitutional violation where the principle "applie[s] with 'obvious clarity' to the circumstances, establishing clearly the unlawfulness of Defendants' conduct." Long v. Slaton, 508 F.3d 576, 584 (11th Cir. 2007). Finally, a plaintiff may show that the alleged conduct of the officials was "so egregious that a constitutional right was clearly violated, even in the total absence of case law." Lewis v. City of West Palm Beach, 561 F.3d 1288, 1292 (11th Cir. 2009).

Deputy Borne has found no case decided by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court that establishes that a deputy has a duty to intervene to prevent an alleged First Amendment free exercise violation, especially where no excessive force is present. See Gilmore, 2020 WL 7249627, at *8 (citing Tarantino v. Citrus Cnty., No. 5:12-cv-434-Oc-32PRL, 2014 WL 4385550, at

*14 (M.D. Fla. Sept. 4, 2014) ("[A]t best it appears the law is undecided as to whether a failure to intervene claim is available where excessive force is not involved . . . .")).

The Southern District of Georgia recently held in <u>Gilmore</u> that although the Eleventh Circuit has held that an officer can be personally liable for failing to intervene in excessive force cases, the Eleventh Circuit has not expanded such liability to cases lacking an element of excessive force. <u>Id.</u>; <u>Jones v. Cannon</u>, 174 F.3d 1271, 1286 (11th Cir. 1999) (noting that while an officer can be held liable for failing to intervene in excessive force cases, the absence of authority from the Supreme Court or Eleventh Circuit dealing outside the realm of excessive force supported granting qualified immunity). "The fact that district courts within . . . the Eleventh Circuit seem to come out differently on the present issue shows that the issue is by no means 'beyond debate.'" <u>Mehta v. Foskey</u>, 877 F. Supp. 2d 1367, 1378 (S.D. Ga. 2012); <u>compare</u> <u>Lewis v. Blue</u>, No. 2:09-CV-862-WKW, 2010 WL 730210 (M.D. Ala. Mar. 3, 2010) ("[C]ase law seems to indicate that failure to intervene claims are cognizable only when related to excessive force violations."), <u>with</u> <u>Sims ex rel. Sims v. Forehand</u>, 112 F. Supp. 2d 1260, 1270-75 (M.D. Ala. 2000) (holding that officers could be held liable for failing to intervene in preventing an unlawful strip search).

Specifically, the Eleventh Circuit has not expanded such liability to cases predicated on the First Amendment's free exercise clause which lack an element of excessive force. Likewise, Plaintiffs are unable to point to a broad statement of principle that provides notice with obvious clarity or show that Deputy Borne's conduct was so egregious that a constitutional right was clearly violated. Thus,

Deputy Borne is entitled to qualified immunity and Plaintiffs' federal claim against him must be dismissed.

2.    _Immunity From State Law Claims_

Plaintiffs have arguably alleged only one state law claim against Deputy Borne. In the First Amended Complaint, Plaintiffs assert that "Deputy Borne failed to intervene when he had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants." (Doc. 10 at ¶ 99.5). This allegation is repetitive of the allegation contained in Paragraph 89.5. However, this allegation sounds in negligence and appears to be based on state law as the "Failure to Intervene" claim and supporting allegation are included in the state law section of Plaintiffs' First Amended Complaint. It is not entirely clear whether Georgia law provides a claim for negligent failure to intervene. Nonetheless, for the reasons that follow, Deputy Borne is entitled to immunity in both his individual and official capacities to the extent a state law claim is asserted against him.

**A.    Plaintiffs' state law claim against Deputy Borne in his official capacity, to the extent one is asserted, is barred by sovereign immunity.**

"Under Georgia law today, sovereign immunity has constitutional status, and that immunity may be waived only by an act of the General Assembly or by the Constitution itself." McRae v. Telfair Cnty., No. 3:18-cv-077-DHB-BKE, 2020 WL 6922631 (S.D. Ga. Nov. 24, 2020) (citing Ga. Dep't of Corr. v. Couch, 295 Ga. 469, 472 (2014)). This immunity extends to counties as well as county employees – including sheriffs – sued in their official capacities. Id. Plaintiffs can point to no constitutional

provision or legislative enactment waiving sovereign immunity their state law claim of failure to intervene.

As the party seeking to benefit from a waiver of sovereign immunity, Plaintiffs bear the burden of establishing a waiver. McRae, 2020 WL 6922631 at *1 (citing Conway v. Jones, 836 S.E.2d 538, 540 (Ga. Ct. App. 2019)). Plaintiffs do not address sovereign immunity in the First Amended Complaint. Because Plaintiffs cannot carry their burden of establishing a waiver of sovereign immunity, Plaintiffs' state law claim against Deputy Borne in his official capacity, to the extent one is asserted, must be dismissed.

**B.    Plaintiffs' state law claim against Deputy Borne in his official capacity, to the extent one is asserted, is barred for failure to present proper ante litem notice pursuant to O.C.G.A. § 36-11-1.**

Under Georgia law, "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." O.C.G.A. § 36-11-1. The "[f]ailure to present the County with formal written notice of the claim within the 12-month statutory period, or to present the claim to the County by suing and serving the County on the claim within that period, acts as a bar to the claim." Warnell v. Unified Gov't of Athens-Clarke Cnty., 328 Ga. App. 903, 904 (2014). Because a suit against a sheriff in his official capacity is tantamount to a suit against the county, the requirement to provide ante-litem notice "applies both to the counties and to the sheriffs, when sued in their official capacities." Moats v. Mendez, 349 Ga. App. 811,

819 (2019). To satisfy the ante-litem notice requirement, a plaintiff must present "formal written notice of the claim." Warnell, 328 Ga. App. at 905.

Here, the incident giving rise to this case occurred on April 5, 2020 (doc. 10 at ¶ 32), and Plaintiffs filed their Original Complaint on July 13, 2022 (doc. 1-1). Thus, the one-year period to provide ante-litem notice expired well before Plaintiffs filed this suit. Plaintiffs, moreover, have not alleged that they ever sent an ante-litem notice. Thus, Plaintiffs' state law claim against Deputy Borne in his official capacity, to the extent one is asserted, must be dismissed.

### C. Plaintiffs' state law claim against Deputy Borne in his individual capacity, to the extent one is asserted, is barred by official immunity.

Plaintiffs allege that Deputy Borne failed to intervene when he had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants. (Doc. 10 at ¶ 99.5). Deputy Borne is entitled to official immunity on this apparent claim because Plaintiffs have not alleged and cannot show that Deputy Borne negligently performed a ministerial duty or acted with malice.[2]

Under the Georgia Constitution, "officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions." Ga. Const. Art. I, § II, IX(d). Under the doctrine of official immunity, a

---

[2] Official immunity in Georgia is also known as "qualified immunity." Grammens v. Dollar, 287 Ga. 618, 619 (2010) (quoting Cameron v. Lang, 274 Ga. 122, 123 (2001)). For the purpose of consistency and to avoid confusion with the wholly distinct doctrine of qualified immunity applied in federal jurisprudence, Defendants use the term "official immunity"—as opposed to "qualified immunity"—throughout this brief.

public officer or employee may be personally liable only for ministerial acts negligently performed or official acts (including both ministerial and discretionary acts) performed with malice or an intent to injure. Gilbert v. Richardson, 264 Ga. 744, 752 (1994); Cameron, 274 Ga. at 123. Whether acts are ministerial or discretionary is determined by the facts of a particular case by looking at whether the individual was exercising discretion or following established procedures. Woodard v. Laurens Cnty., 265 Ga. 404, 406 (1995). A ministerial function is one that is "simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty" such as the erection of a stop sign. Harper v. Patterson, 270 Ga. App. 437, 440 (2004); see also Nelson v. Spalding Cnty., 249 Ga. 334, 336 (1982). A "discretionary act, however, calls for the exercise of personal deliberations in judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Joyce v. Van Arsdale, 196 Ga. App. 95, 96 (1990).

Plaintiffs have not alleged the existence of a ministerial duty, nor can they plausibly establish that one existed. Responding to a scene and the actions taken once there are inherently discretionary acts. Further, Plaintiffs cannot show that there was a ministerial duty to intervene and stop the Georgia State Patrol Troopers from enforcing Governor Kemp's executive orders because the Governor's orders specifically directed Deputy Borne to "assist in the State's response to the outbreak of the novel coronavirus" and "enforce the closure of businesses, establishments, corporations, non-profit corporations, or organizations in accordance with Executive

Order 04.02.20.01." (Doc. 10 at ¶¶ 24-27); State of Georgia Executive Order 04.03.20.01.

Because Deputy Borne engaged in a discretionary act, the next question is whether he acted with actual malice or intent to injure. Walsh v. Jeff Davis Cnty., No. 2:10-cv-075, 2012 WL 12952564, at *18 (S.D. Ga. Mar. 29, 2012). "Actual malice 'requires a deliberate intention to do wrong and denotes express malice or malice in fact' meaning 'badness, [or] a true desire to do something wrong.'" Id. (quoting Peterson v. Baker, 504 F.3d 1331, 1339 (11th Cir. 2007)). Plaintiffs have not alleged (nor can they show) that Deputy Borne acted with malice or intent to injure. Deputy Borne is therefore entitled to official immunity to the extent Plaintiffs assert a state law claim against him for failure to intervene.

3.   *Plaintiffs' First Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted Against Deputy Borne.*

Plaintiffs' First Amended Complaint fails to state a claim against Deputy Borne and should be dismissed. A pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Iqbal, 556 U.S. at 678; Franklin, 738 F.3d at 1251; United Distribs., Inc., 918 F. Supp. 2d at 1312. Complaints must "contain either direct or inferential allegations respecting *all the material elements* necessary to sustain a recovery under some viable legal theory." Stephens, Inc., 500 F.3d at 1282-83 (emphasis added). Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 664; see also Randall, 610 F.3d at 709-

10 ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations.").

Plaintiffs make only two allegations against Deputy Borne, both of which are merely conclusory: (1) "Deputy Borne responded to the scene and failed to stop other law enforcement officers from violating the rights of citizens engaged in free exercise of religion pursuant to their rights under the First Amendment of the United States Constitution[,]" (doc. 10 at ¶ 89.5); (2) "Defendant Borne failed to intervene when he had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants[,]" (id. at ¶ 99.5).

Plaintiffs have not alleged facts sufficient to support these legal conclusions. In fact, Plaintiffs include no allegations respecting Deputy Borne in their facts section at all. A direct failure to intervene claim requires the allegations to include facts showing the necessity or real opportunity for the defendant-officer to intervene in a fellow officer's unlawful conduct. Jones v. Frazier, No. 2:15-cv-45, 2015 WL 9463172, at *3 (S.D. Ga. Dec. 28, 2015) (citing Keating, 598 F.3d at 764). Plaintiffs have not included any allegations demonstrating the necessity of intervention or that Deputy Borne had a real opportunity to intervene. Plaintiffs allege only that at some point mid-way through Plaintiffs' interaction with the Georgia State Patrol Defendants, "Defendant Thigpen called for Bulloch County deputies to assist with enforcing compliance with Defendant Kemp's COVID-19 orders," and "[w]hile awaiting the arrival of other [law enforcement officers]," the Georgia State Patrol Defendants

continued approaching Plaintiffs and eventually issued citations. (Doc. 10 at ¶ 41-63). The First Amended Complaint does not allege when Deputy Borne arrived on scene nor does it allege facts sufficient to show a real opportunity for Deputy Borne to intervene.

Further, Plaintiffs do not allege facts sufficient to show that a constitutional violation occurred making intervention necessary. An officer cannot be liable for failing to intervene when there was no constitutional violation being committed. Sebastian v. Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019).

4. *Plaintiffs' First Amended Complaint Is an Impermissible Shotgun Pleading.*

Plaintiffs' First Amended Complaint should be dismissed for the reasons presented supra. Should Plaintiffs' claims survive Deputy Borne's immunity and failure to state a claim defenses, Plaintiffs' First Amended Complaint is an impermissible shotgun pleading and fails to meet the pleading standards required by Federal Rule of Civil Procedure 8. The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 Fed. Appx. 368, 372 (11th Cir. 2005) (unpublished) (quoting Strategic Income Fund, 305 F.3d at 1295 n.9).

The Eleventh Circuit has explained that "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)).

The Eleventh Circuit has described four main types or categories of shotgun pleadings. The first type is a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1323. Finally, the fourth type is a complaint that contains "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiffs' First Amended Complaint commits at least three of the four "sins" of shotgun pleadings: it 1) contains multiple counts adopting the allegations of all proceedings counts, 2) sets forth multiple causes of action under single counts, and 3) contains multiple claims against multiple defendants without specifying which defendants are responsible for what conduct or which claim is brought against which

defendant. See Roether v. State, No. 2:21-cv-083, 2022 WL 1477436, at *3 (S.D. Ga. May 10, 2022).

First, nearly every count in Plaintiffs' First Amended Complaint adopts the allegations of all preceding counts, making it difficult to understand what is, or is not, being alleged against Deputy Borne and the other Defendants. (Doc. 10 at ¶¶ 65, 67, 77, 81, 83, 85, 90, 96, 100, 102); see Roether, 2022 WL 1477436 at *3. In all but three counts, Plaintiffs state the following: "Plaintiffs incorporate all previous paragraphs." Id. Plaintiffs commit this "mortal sin of re-alleging all preceding counts" by including allegations of fact that are immaterial to particular counts but material to others, leaving Defendants guessing as to what causes of action they must respond. Id. (citing Weiland, 792 F.3d at 1322).

Second, Plaintiffs' First Amended Complaint sets forth multiple causes of action or claims for relief under single counts. Id.; Bickerstaff Clay Prods. Co. v. Harris Cnty., 89 F.3d 1481, 1485 n.4 (11th Cir. 1996). For example, the second count entitled "42. U.S. Code § 1983 : First Amendment Retaliation and Chilling Claim" contains a paragraph alleging a conspiracy, but Plaintiffs do not enumerate a count for conspiracy elsewhere in the First Amended Complaint. (Doc. 10 at ¶ 75). Further, a later count entitled "42. U.S. Code § 1983 : Violation of Due Process Claim" contains three paragraphs alleging violations of the Equal Protection Clause and a single paragraph alleging failure to intervene by Deputy Borne. (Id. at ¶¶ 87-89.5). Plaintiffs do not enumerate separate counts for violation of the Equal Protection Clause of the United States Constitution or a 42 U.S.C. § 1983 claim for failure to intervene.

Plaintiffs' state law claims lump multiple claims into one count. For example, the first state law claim is titled "State Law Claims: Deprivation of Right to Freedom of Speech Under the Georgia Constitution . . . and False Imprisonment." (Id. at ¶90). Further, the claims directed at Deputy Borne appear to be founded in both Georgia and federal law, but Plaintiffs do not clearly indicate which claims they assert. (Id. at ¶¶ 89.5, 99.5). These poorly identified and delineated counts make it difficult to know what specific causes of action are being asserted against which Defendants.

Third, Plaintiffs' First Amended Complaint contains multiple claims against multiple defendants without specifying which defendants are responsible for what conduct or which claim is brought against which defendant. Deputy Borne has proceeded throughout this motion under the assumption that only the failure to intervene allegations apply to him. However, virtually all counts allege generally that Defendants committed the alleged tortious and unconstitutional conduct. For example, Plaintiffs state that, "Plaintiff's civil rights protected under 42 U.S.C.§ 1983 were violated by Defendants;" "Plaintiffs were unlawfully seized by Defendants;" "Defendants [retaliated] against Plaintiffs;" "Defendants colluded and conspired with each other;" "Defendants effectively detained Plaintiffs engaged in lawful worship in violation of their Fourth Amendment right to unreasonable seizures;" et cetera. (Doc. 10 at ¶¶ 66, 69, 74, 75, 79). This type of language makes it difficult for Deputy Borne to determine what claims are asserted against him.

Generally, the appropriate measure for a shotgun pleading is to provide Plaintiffs with a chance to replead their claims. Roether, 2022 WL 1477436 at *4.

24

However, Plaintiffs have already had that chance and they failed to rectify the deficiencies. Deputy Borne filed his first motion to dismiss on August 8, 2022, alleging that Plaintiffs' complaint was an impermissible shotgun pleading. (Doc. 4). Before the Court could rule on Deputy Borne's motion, Plaintiffs filed their First Amended Complaint. This second bite at the apple did not rectify the arguments asserted in the first motion to dismiss. Instead, Plaintiffs filed a second shotgun pleading after being warned of the deficiencies it contained. "What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." Jackson v. Bank of America, N.A., 898 F.3d 1348, 1358 (11th Cir. 2018). Thus, Plaintiffs' First Amended Complaint must be dismissed.

5. *Plaintiff Francois Williams' Claims Are Barred by the Statute of Limitations.*

Plaintiff Francois Williams was added as a plaintiff in the First Amended Complaint, filed August 22, 2022, wherein his name replaced all mention of former Plaintiff Keyron Cooper. (Doc. 10). Plaintiff Williams' claims are barred by the statute of limitations. Plaintiffs filed their Original Complaint on July 13, 2022, alleging claims from an incident that occurred on April 5, 2020. (Doc. 1-1). Claims brought pursuant to § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought. Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014). In Georgia, the statute of limitations for tort actions is two years. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011).

Thus, the two-year statute of limitations on Plaintiffs' claims would have expired on April 5, 2022.

Because federal courts borrow states' statutes of limitations for claims under 42 U.S.C. § 1983, federal courts also borrow states' tolling rules applicable to those statutes of limitations. Kennedy v. South Univ., No. 4:21-cv-172, 2022 WL 628541, at *4 (S.D. Ga. Mar. 3, 2022). In response to the COVID-19 pandemic, the Georgia Supreme Court stayed all statute of limitations deadlines for a 122-day period from March 14 to July 14, 2020. Id. The order provided that "[i]f the event that triggers the running of a period of limitation occurred on or after March 14[, 2020]—that is, if the "clock" had not started to run before a statewide judicial emergency was declared—the period of limitation will not begin to run until the tolling provision of the March 14 declaration has expired or is otherwise terminated." Id. at *5.

Because the incident which triggered the running of the limitations period occurred on April 5, 2020, which was during the 122-day stay, Plaintiffs' statute of limitations began to run on July 14, 2020, the day on which the tolling provision for statutes of limitations expired. Thus, after the tolling, Plaintiffs' claims must have been brought by July 14, 2022. The Original Complaint was filed only one day before the expiration of the statute of limitations, on July 13, 2022. (Doc. 1-1). Plaintiff Williams was added as a Plaintiff in the First Amended Complaint on August 22, 2022, more than a month beyond the expiration of the statute of limitations. (Doc. 10). Plaintiff Williams' claims against Defendants are therefore untimely and Plaintiff Williams and his claims must be dismissed.

# IV.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant Jason Borne respectfully requests that his motion to dismiss be granted and that Plaintiffs' claims against him be dismissed with prejudice.

Respectfully submitted this 23rd day of September, 2022.

OLIVER MANER LLP

Post Office Box 10186
Savannah, Georgia 31412
(912)236-3311 – telephone
(912)236-8725 – facsimile
pto@olivermaner.com
astevens@olivermaner.com

**/s/ AMELIA C. STEVENS**
PATRICK T. O'CONNOR
Georgia Bar No. 548425
AMELIA C. STEVENS
Georgia Bar No. 758771
*Attorneys for Defendant Borne*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, by e-notification and e-service to the following:

Jordan Johnson
Jessica Burton
Bernard & Johnson, LLC
5 Dunwoody Park, Suite 100
Atlanta, GA 30338
Alex@Justice.Law
Jessica@Justice.Law

Kevin Gough
P.O. Box 898
501 Gloucester Street, Suite 121
Brunswick, GA 31521
Kevingough.firm@gmail.com

*Attorneys for Plaintiffs*

This 23rd day of September, 2022.

OLIVER MANER LLP

**/s/ AMELIA C. STEVENS**
PATRICK T. O'CONNOR
Georgia Bar No. 548425
AMELIA C. STEVENS
Georgia Bar No. 758771

Post Office Box 10186
Savannah, Georgia 31412
(912)236-3311 – telephone
(912)236-8725 – facsimile
pto@olivermaner.com
astevens@olivermaner.com

*Attorneys for Defendant Borne*