IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ELI PORTER, FRANCOIS WILLIAMS, MICHAEL SINGLETON, and TIMOTHY VAN BEVERHOUDT,<br><br>    Plaintiffs,<br><br>v.<br><br>SGT. DERRELL THIGPEN, CPL. MATT SOWELL, TFC. JONATHAN MALONE, LT. CHRIS LACIENSKI, TFC2 HAMMOND, TFC3 HOLLOWAY, TFC. AARON DIGIACOMO, DEPUTY JASON MICHAEL BORNE in their individual and official capacity as LEOs, and BRIAN KEMP, in his individual and official capacity as governor of the State of Georgia,<br><br>    Defendants. | Case No. 6:22-cv-00057-JRH-BKE |

**JASON BORNE'S REPLY BRIEF IN SUPPORT OF HIS
SECOND MOTION TO DISMISS**

Defendant Jason Borne ("Deputy Borne") submits this reply brief in support of his second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under Rule 8 for failure to properly plead.

On September 23, 2022, Deputy Borne filed his second motion to dismiss Plaintiffs' first amended complaint on several grounds: (1) Deputy Borne is entitled to immunity from the federal claim alleged against him in his individual and official capacities; (2) Deputy Borne is entitled to immunity from the state law claim, to the extent one is asserted, alleged against him in his individual and official capacities;

1

(3) Plaintiffs' First Amended Complaint fails to state a claim against Deputy Borne;

(4) Plaintiffs' First Amended Complaint is an impermissible shotgun pleading; and

(5) any claims asserted by the new Plaintiff, Francois Williams, are barred by the statute of limitations. (Doc. 16). On October 25, 2022, Plaintiffs filed their response brief in opposition to Deputy Borne's motion. (Doc. 18).[1] For several reasons, Plaintiffs' response is deficient and fails to rebut Deputy Borne's arguments asserted in his second motion to dismiss.

First, Plaintiffs' reply brief is untimely. Deputy Borne filed his motion on September 23, 2022. According to PACER and Local Rule 7.5, Plaintiffs' response was due 14 days later, on October 7, 2022. Plaintiffs did not file their response until October 25, 2022, 32 days later. Local Rule 7.5 states that "failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Thus, according to the rule, Deputy Borne's Second Motion to Dismiss is unopposed.

Second, Plaintiffs' reply brief does not clearly delineate which party's motion to dismiss it addresses. After Deputy Borne filed his second motion to dismiss on September 23, 2022, Defendants Kemp, Thigpen, Sowell, Malone, Lacienski, Hammond, Holloway, and Digiacomo ("the State Defendants") filed their motion to dismiss on September 26, 2022 (doc. 17-1). Plaintiffs' reply brief appears to be directed primarily at the State Defendants' motion, with scant references to the

---

[1] Plaintiffs argue, preliminarily, that Deputy Borne's brief in support of his motion to dismiss exceeded 26 pages. Deputy Borne has today filed his re-filed Second Motion to Dismiss (doc. 19), in which the font has been changed from Century Schoolbook 12-point font to the smaller Times New Roman 12-point font to comply with Local Rule 7.1.

2

arguments asserted by Deputy Borne. Plaintiffs begin their reply by alleging facts surrounding COVID-19 and Governor Kemp's executive orders addressing the pandemic. These facts are directed only to the State Defendants and contain no mention of Deputy Borne. Throughout the brief, Plaintiffs summarily refer to "Defendants" without identifying who they are addressing – a problem replete throughout the First Amended Complaint as well. Deputy Borne will address sections A, G, and H of Plaintiffs' response, but section B through F are entirely inapplicable to Deputy Borne and the arguments asserted in his Second Motion to Dismiss.

Third, Plaintiffs' reply brief fails to rebut Deputy Borne's argument that Plaintiff's First Amended Complaint is an impermissible shotgun pleading. Plaintiffs argue in a conclusory fashion that Plaintiffs' First Amended Complaint "[s]pecifically [l]ays [o]ut, to the [e]xtent [p]racticable, the [u]nconstitutional [a]ctions by the Defendant and the [e]ffects on Plaintiffs and [e]ach [c]ause of [a]ction," and "specifically laid out . . . [how Plaintiffs'] rights were violated by Defendant Kemp's COVID orders." (See Doc. 18 at 4). However, these statements alone do not remedy the deficiencies addressed by Deputy Borne in his motion. (See Doc. 16 at §4, pp. 21-25). Plaintiffs' First Amended Complaint commits at least three of the four "sins" of shotgun pleadings: it 1) contains multiple counts adopting the allegations of all proceedings counts, 2) sets forth multiple causes of action under single counts, and 3) contains multiple claims against multiple defendants without specifying which defendants are responsible for what conduct or which claim is brought against which

defendant. See Roether v. State, No. 2:21-cv-083, 2022 WL 1477436, at *3 (S.D. Ga. May 10, 2022). Plaintiffs present no argument or law to rebut these issues.

Instead, Plaintiffs argue that "Georgia is a 'notice pleading' state, so Plaintiffs' only obligation is to put the Defendant on notice of what the alleged conduct is giving rise to the Complaint." (Doc. 18 at 4). While it is true that Georgia state courts have a notice pleading standard, federal courts have a much stricter pleading requirement. See Whitaker v. Excel Indus., 512 F. Supp. 3d 1375, 1381 (2021) (noting that "**[i]n contrast to the federal pleading standard**, Georgia simply requires notice pleading" (emphasis added)). The law on this issue is clear that in federal court, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotations and citations omitted); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013). Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007). A pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Iqbal, 556 U.S. at 678; Franklin, 738 F.3d at 1251; U.S. ex rel. St. Joseph's Hosp., Inc. v. United Distribs., Inc., 918 F. Supp. 2d 1306, 1312 (S.D. Ga. 2013).

Plaintiffs state that "[t]he Complaint clearly alleges that Defendant's COVID Orders are the impetus behind the case at bar, and that the COVID Orders (which

Defendant has admitted he is still issuing and changing) are the specific actions that are both illegal, and that are unconstitutional and caused harm to Plaintiffs." (Doc. 18 at 4). This does not address any of the arguments asserted in Deputy Borne's Second Motion to Dismiss. In particular, it does not rebut Deputy Borne's argument that Plaintiffs' claim against him is improperly pled.

Fourth, Plaintiffs' response fails to refute Deputy Borne's arguments that he is entitled to immunity. In the Second Motion to Dismiss, Deputy Borne made, in relevant part, the following arguments:

1. Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his official capacity is barred by Eleventh Amendment immunity.

2. Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his official capacity fails because there is no allegation of any unconstitutional custom or policy.

3. Plaintiffs' 42 U.S.C. § 1983 claim against Deputy Borne in his individual capacity is barred by qualified immunity.

4. Plaintiffs' state law claim against Deputy Borne in his official capacity, to the extent one is asserted, is barred by sovereign immunity.

5. Plaintiffs' state law claim against Deputy Borne in his official capacity, to the extent one is asserted, is barred for failure to present proper ante litem notice pursuant to O.C.G.A. § 36-11-1.

6. Plaintiffs' state law claim against Deputy Borne in his individual capacity, to the extent one is asserted, is barred by official immunity.

(Doc. 16 at 7-19). Plaintiffs do not respond to these arguments, but rather state, incorrectly, that:

> Defendant Borne claims immunity, with the premise of this argument being that his conduct was not unconstitutional. Plaintiffs incorporate the foregoing arguments on the unconstitutionality of the policies, restrictions, and conduct of all Defendants involved in this litigation. Because of the unconstitutional policies, restrictions and conduct, Defendants cannot claim immunity for violating Plaintiffs' rights which

>are well-established under the law, and explicitly protected under both the State and Federal Constitutions.

(Doc. 18 at 12). Deputy Borne does not claim immunity solely on the fact that "his conduct was not unconstitutional." Deputy Borne claims that he is entitled to immunity for all of the arguments, reasoning, and case law that was cited in the Second Motion to Dismiss. The "policies, restrictions, and conduct" that Plaintiffs allege they have previously established do not apply to Deputy Borne. Plaintiffs address the policies of the State Defendants <u>only</u>. Plaintiffs do not mention any policies or conduct on behalf of Deputy Borne or the Bulloch County Sheriff's Office. Although Plaintiffs claim that their rights were well-established under the law, Plaintiffs have not presented any argument that the illegality of Deputy Borne's alleged failure to intervene was clearly established on April 5, 2020. Plaintiffs have not presented any case law decided by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court that establishes that a deputy has a duty to intervene to prevent an alleged First Amendment free exercise violation, especially where no excessive force is present.

Once a government official asserting the defense of qualified immunity in a 42 U.S.C. § 1983 case meets his initial burden of showing he was acting within his discretionary authority, the burden shifts to the plaintiff to show that (1) the government official violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation. <u>Alston v. City of Darien</u>, 750 F. App'x 825, 831 (11th Cir. 2018). Deputy Borne has shown, and Plaintiffs have not disputed, that he was acting within his discretionary authority during the incident alleged in

6

the First Amended Complaint. Thus, the burden shifted to Plaintiffs to overcome the immunity defense, which they have not done. Plaintiffs have failed to carry their burden to refute Deputy Borne's qualified immunity defense. Not only have Plaintiffs failed to rebut qualified immunity, but they also entirely failed to address the other immunity and bar-to-suit arguments laid out above and argued by Deputy Borne in the Second Motion to Dismiss.

Fifth, Plaintiffs do not address Deputy Borne's argument that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted. Plaintiffs' claims against Deputy Borne were listed in a mere conclusory fashion in the First Amended Complaint. Plaintiffs still have not alleged facts sufficient to support these legal conclusions. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 664; see also Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations.").

Sixth, Plaintiffs have not presented law sufficient to establish that Plaintiff Williams' claims relate back. Plaintiffs argue that Plaintiff Williams' claims relate back to the time of the original filing and cite cases that provide for relation back of amendments when the amendment arises out of the same transaction as set out in the original pleading. See Toomer v. Metro Ambulance Servs., Inc., 364 Ga. App. 469 (2022); Tenet Healthsystem GB, Inc. v. Thomas, 304 Ga. 86 (2018); Morris v.

7

Chewning, 201 Ga. App. 658 (1991). However, when determining whether the claims of a new plaintiff relate back, "[i]f leave is sought to change or add plaintiffs after the expiration of the statute of limitations," Georgia state courts will consider whether the claims of the new plaintiff arise out of the same conduct or transaction set forth in the original complaint. Morris, 201 Ga. App. at 659. Further, for relation back to occur, there must have been no unexcused delay or laches. Id. Georgia courts will consider whether the movant has some excuse or justification for having failed to name the new party previously. Doby v. Bivins, 341 Ga. App. 757, 760. Plaintiffs did not seek leave of court or file a motion to add parties when adding Plaintiff Williams in the First Amended Complaint. Further, Plaintiffs have not shown any reason why Plaintiff Williams could not have been included as a Plaintiff when the action was originally filed and before the expiration of the statute of limitations.

For the reasons set forth above and for the reasons set out in the Second Motion to Dismiss, Defendant Jason Borne respectfully requests that his motion to dismiss be granted and that Plaintiffs' claims against him be dismissed with prejudice.

Respectfully submitted this 8th day of November, 2022.

OLIVER MANER LLP

| | |
|---|---|
| Post Office Box 10186 | **/s/ AMELIA C. STEVENS** |
| Savannah, Georgia 31412 | PATRICK T. O'CONNOR |
| (912)236-3311 – telephone | Georgia Bar No. 548425 |
| (912)236-8725 – facsimile | AMELIA C. STEVENS |
| pto@olivermaner.com | Georgia Bar No. 758771 |
| astevens@olivermaner.com | *Attorneys for Defendant Borne* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, by e-notification and e-service to the following:

Jordan Johnson
Jessica Burton
Bernard & Johnson, LLC
5 Dunwoody Park, Suite 100
Atlanta, GA 30338
Alex@Justice.Law
Jessica@Justice.Law

Kevin Gough
P.O. Box 898
501 Gloucester Street, Suite 121
Brunswick, GA 31521
Kevingough.firm@gmail.com

*Attorneys for Plaintiffs*

Angela Ellen Cusimano
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
ecusimano@law.ga.gov

*Attorney for State Defendants*

This 8th day of November, 2022.

OLIVER MANER LLP

**/s/ AMELIA C. STEVENS**
PATRICK T. O'CONNOR
Georgia Bar No. 548425
AMELIA C. STEVENS
Georgia Bar No. 758771

Post Office Box 10186
Savannah, Georgia 31412
(912)236-3311 – telephone
(912)236-8725 – facsimile
pto@olivermaner.com
astevens@olivermaner.com

*Attorneys for Defendant Borne*