IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ELI PORTER, FRANCOIS WILLIAMS, MICHAEL SINGLETON, and TIMOTHY VAN BEVERHOUDT, <br><br>   Plaintiffs, <br><br> v. <br><br> SGT. DERRELL THIGPEN, CPL. MATT SOWELL, TFC. JONATHAN MALONE, LT. CHRIS LACIENSKI, TFC2 HAMMOND, TFC3 HOLLOWAY, TFC. AARON DIGIACOMO, DEPUTY JASON MICHAEL BORNE in their individual and official capacity as LEOs, and BRIAN KEMP, in his individual and official capacity as governor of the State of Georgia, <br><br>   Defendants. | Case No. 6:22-cv-00057-JRH-BKE |

## DEFENDANT JASON BORNE'S THIRD MOTION TO DISMISS AND SUPPORTING MEMORANDUM

Defendant Jason Borne ("Deputy Borne"), a Bulloch County Sheriff's Deputy, submits this memorandum in support of his third motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and moves this Court to dismiss Plaintiffs' claims against Deputy Borne for failure to state a claim upon which relief can be granted.

Plaintiffs filed their original complaint on July 13, 2022, alleging several claims against Sergeant Derrell Thigpen, Corporal Matt Sowell, Trooper First Class Jonathan Malone, Lieutenant Chris Lacienski, Trooper First Class Hammond, Trooper First Class Holloway, Trooper First Class Aaron Digiacomo, Deputy Jason Michael Borne, and Governor Brian Kemp in their individual and official capacities. (Doc. 1-1). Deputy Borne filed his first motion to dismiss on August 8, 2022, arguing that Plaintiffs' Original Complaint was an impermissible shotgun pleading that

1

failed to allege any personal participation by Deputy Borne. (Doc. 4). Before the Court ruled on Deputy Borne's first motion to dismiss, Plaintiffs filed their First Amended Complaint on August 22, 2022. (Doc. 10). Deputy Borne filed his second motion to dismiss, responding to the allegations in Plaintiff's First Amended Complaint, on September 23, 2022. (Docs. 16, 19). Deputy Borne argued that the First Amended Complaint was again a shotgun pleading and failed to state a claim against him and that he was entitled to certain immunities from the claims alleged against him. (Id.) The Court, in its order dated June 6, 2023, determined that Plaintiffs' First Amended Complaint was a shotgun pleading and ordered Plaintiffs to replead, denying Deputy Borne's second motion to dismiss as moot. (Doc. 23). Plaintiffs filed their Second Amended Complaint on June 20, 2023. (Doc. 24). Plaintiffs' Second Amended Complaint fails to state a claim against Deputy Borne and should be dismissed against him.

## I.      STATEMENT OF FACTS

The District Court has already summarized Plaintiffs' factual allegations in its Order. (Doc. 23 at 2–5).[1] The District Count found that on March 14, 2020, Defendant Kemp, Governor of the State of Georgia, issued Executive Order No. 03.14.20.01 (the "March 14th Order") declaring a Public Health State of Emergency due to COVID-19. (Id. at 2; doc. 24 at 5–6.) The March 14th Order provided that state agencies take actions necessary to protect the public's health, including implementing quarantines, isolation, and other necessary interventions. (Doc. 23 at 2; doc. 24 at 6) Then on March 23, 2020, Defendant Kemp issued Executive Order No. 03.23.20.01 (the "March 23rd Order") which ordered a shelter in place, prohibiting businesses and non-profits from having more than ten people gathered at a single location where people stand or sit within six feet of each other. (Doc. 23 at 2–3; doc. 24 at 6–7). The March 23rd Order "also authorized the Department of

---

[1] Plaintiffs' factual allegations found in the section titled "Factual Background for Claims" were not altered in the Second Amended Complaint.

Public Health 'to mandate the closure of any business . . . [or] non-profit corporation' who failed to comply." (Doc. 23 at 3; doc. 24 at 7.) Then on April 2, 2020, Defendant Kemp issued Executive Order No. 04.02.20.01 (the "April 2nd Order") which ordered all residents to practice social distancing and to shelter in place within their homes and residences unless engaged in certain activities Defendant Kemp allegedly deemed to be "necessary" or "essential." (Doc. 23 at 3; doc. 24 at 7). Plaintiffs allege that there was no exception provided for religious activities, and religion was not deemed "necessary" or "essential." (Doc. 23 at 3; doc. 24 at 8.) The April 2nd Order stated that any person who violated it would be guilty of a misdemeanor, and it permitted "officials" to enforce it. (Doc. 23 at 3; doc. 24 at 8–9). On April 3, 2020, Defendant Kemp issued Executive Order No. 04.03.20.01 (the "April 3rd Order"), authorizing sheriffs and their deputies to enforce the April 2nd Order. (Doc. 23 at 3; doc. 24 at 9). The same day, he issued Executive Order No. 04.03.20.02 (the "Second April 3rd Order") to clarify some of the terms in the April 3rd Order. (Doc. 23 at 3; doc. 24 at 9). The Second April 3rd Order explicitly authorized officials to mandate the closure of any business or non-profit organization that did not comply with the April 2nd Order. (Doc. 23 at 3; doc. 24 at 10).

On April 5, 2020, Redeeming Church of God the Bible Way ("Bible Way") conducted worship services, led by pastor Plaintiff Porter. (Doc. 23 at 3–4; doc. 24 at 5, 10–11). Plaintiffs Williams, Singleton, and van Beverhoudt were in attendance that day. (Doc. 23 at 4; doc. 24 at 11). Plaintiffs allege that Bible Way has a predominately minority congregation composed of mainly African American members. (Doc. 23 at 4; doc. 24 at 11). On that day, Plaintiffs claim that a Bulloch County Sheriff's Deputy alerted the Georgia State Patrol ("GSP") of the church gathering at Bible Way, and in response, Defendants Thigpen and Sowell arrived at Bible Way in an attempt to shut down services. (Doc. 23 at 4; doc. 24 at 11). While church members were inside,

3

Defendant Sowell allegedly wrote down license plate information of every car in the parking lot. (Doc. 23 at 4; doc. 24 at 11). According to Plaintiffs' Second Amended Complaint, Defendant Thigpen approached church members outside of the building, including Plaintiffs Williams, Singleton, and van Beverhoudt, asking to speak with the pastor when he was finished preaching. (Doc. 23 at 4; doc. 24 at 12). He also allegedly called for Bulloch County Sheriff's deputies to assist with enforcing the compliance of Defendant Kemp's COVID-19 orders. (Doc. 23 at 4; doc. 24 at 12).

While awaiting backup, Plaintiffs allege that Defendants Thigpen and Sowell approached many Bible Way members seeking the identity of the pastor; however, the members refused to speak with them. (Doc. 23 at 4; doc. 24 at 12). Defendant Sowell then allegedly approached Plaintiff Porter, who expressed to Defendant Sowell he did not wish to speak to law enforcement and made him aware he was represented by legal counsel. (Doc. 23 at 4; doc. 24 at 13). Plaintiffs claim that despite these statements, Defendant Thigpen approached Plaintiff Porter and attempted to obtain "voluntary compliance," and also spoke with Plaintiff Porter's attorney, Jum Puentes, over the phone and informed him the officers were seeking "voluntary compliance" and that if they were unable to obtain such, the officers would be "mandating compliance" with Defendant Kemp's Executive Orders. (Doc. 23 at 4–5; doc. 24 at 13). Defendant Thigpen allegedly told Plaintiff Porter the next time the officers came back to Bible Way they would take enforcement action. (Doc. 23 at 5; doc. 24 at 14).

Plaintiffs allege that the reports filed by the officers that day took issue with the number of people congregated inside the building; however, the only people cited with violation of law were those initially stopped outside. (Doc. 23 at 5; doc. 24 at 15–16). Defendant Lacienski allegedly instructed Defendant DiGiacomo to issue citations to Plaintiffs Williams, Singleton, and van

4

Beverhoudt for reckless conduct, in violation of O.C.G.A. § 16-5-60, and he complied with the instructions. (Doc. 23 at 5; doc. 24 at 16). Defendant Lacienski then allegedly issued a citation for reckless conduct under O.C.G.A. § 16-5-60 to Plaintiff Porter. (Doc. 23 at 5; doc. 24 at 16). Plaintiffs assert that in July 2021, the reckless conduct charges against them were dismissed. (Doc. 23 at 5; doc. 24 at 17).

Plaintiffs' Second Amended Complaint does not mention Deputy Borne a single time in the "Factual Background for Claims." (See doc. 24 at 5–17). Besides identifying Deputy Borne as a party, (id. at 4), Plaintiffs mention Deputy Borne in the Second Amended Complaint only six times, in the claims section:

### Count 5. Ninth Amendment Violation

. . .

106.

Defendants Thigpen, Sowell, Lacienski, Hammond, Holloway, DiGiacomo, Borne, and Malone each violated Plaintiffs' rights under the Ninth Amendment, which protects all rights inherent of citizens that are not expressly stated in the bill of Rights in the Constitution of the United States, by enforcing Defendant Kemp's executive orders that effectively criminalized the lawful and constitutionally-protected actions of leaving one's home, religious practices and worship, and to socialize in the presence of others.

### Count 6. Due Process Violation Claims

. . .

127. [appears out of order between paragraphs 113 and 114 on page 30]

Defendants Thigpen, Sowell, Lacienski, Hammond, Holloway, DiGiacomo, Borne, and Malone assisted Defendant Kemp in his unconstitutional due process violations against Plaintiffs by enforcing Defendant Kemp's unconstitutional orders.

### Count 7. Equal Protection Claim

114.

5

> Defendants Thigpen, Sowell, Lacienski, Hammond, Holloway, DiGiacomo, Borne, and Malone used Defendant Kemp's unconstitutional executive orders to unequally apply them to target a predominantly African-American, Christian church.
>
> . . .
>
> **Count 9. Equal Protection under the Georgia Constitution Claim**
>
> . . .
>
> 135.
>
> Defendants Thigpen, Sowell, Lacienski, Hammond, Holloway, DiGiacomo, Borne, and Malone used Defendant Kemp's unconstitutional executive orders to unequally apply them to target a predominantly African-American, Christian church.
>
> **Count 12. Failure to Intervene**
>
> . . .
>
> 153.
>
> Defendants Borne, Sowell and Malone failed to intervene when they had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants.

(Doc. 24 at 28, 30, 35, 39). Plaintiffs also include several allegations that refer to "Defendants" as a whole without identifying what conduct by Deputy Borne violated Plaintiffs' rights under the United States Constitution or Georgia law. (Id. at 16–19, 39–41). Deputy Borne files this third motion to dismiss because Plaintiff's Second Amended Complaint fails to state a claim against him.

## II.     STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Indeed, conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 664; see also Randall v. Scott, 610 F.3d 701, 709–10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations.").

Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III.     ARGUMENT AND CITATION OF AUTHORITY

Plaintiffs' Second Amended Complaint fails to state a claim against Deputy Borne and should be dismissed. A pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Iqbal, 556 U.S. at 678. Complaints must "contain either direct or inferential allegations respecting *all the material elements* necessary to sustain a recovery under some viable

legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (emphasis added). Plaintiff must specifically plead "*how* each defendant violated his rights, *which* rights they violated, when they were violated, and whether the violation was intentional as opposed to merely negligent." Jackson v. St. Lawrence, No. 4:10-cv-291, 2011 WL 2535310, at *5 (S.D. Ga. June 27, 2011) (emphasis in original) (unpublished), *recommendation adopted by* 2011 WL 2910277 (S.D. Ga. July 18, 2011).

Plaintiffs make no factual allegations against Deputy Borne. (See doc. 24). In the facts section of Plaintiffs' Second Amended Complaint, Plaintiffs allege that "an unnamed Bulloch County Sheriff's Deputy alerted the Georgia State Patrol ("GSP") of the church gathering," and that at some point mid-way through Plaintiffs' interaction with the GSP troopers, "Defendant Thigpen called for Bulloch County deputies to assist with enforcing compliance with Defendant Kemp's COVID-19 orders," and "[w]hile awaiting the arrival of other [law enforcement officers]," the GSP troopers continued approaching Plaintiffs and eventually issued citations. (Id. at 11–12). Plaintiffs do not allege that Deputy Borne was one of these unnamed deputies.

In the claims section, Plaintiffs make only conclusory allegations against Deputy Borne. Plaintiffs allege that "Deputy Borne . . . violated Plaintiffs' rights under the Ninth Amendment . . . . by enforcing Defendant Kemp's executive orders[;] . . . assisted Defendant Kemp in his unconstitutional due process violations against Plaintiffs by enforcing Defendant Kemp's unconstitutional orders[;] . . . used Defendant Kemp's unconstitutional executive orders to unequally apply them to target a predominantly African-American, Christian church[; and] . . . failed to intervene when they had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants." (Id. at 28, 30, 35, 39).

Plaintiffs do not allege that that Deputy Borne was even present on the scene or that he was involved at all in the incident that allegedly occurred at Bible Way on April 5, 2020. (See generally id.) Plaintiffs do not allege what, if anything, Deputy Borne did to enforce or assist the GSP troopers in enforcing Governor Kemp's executive orders. (Id.) Plaintiffs have not alleged facts sufficient to state any claim against Deputy Borne, much less to support their legal conclusions, which are further analyzed below.

First, Plaintiffs allege that Deputy Borne violated their rights under the Ninth Amendment of the United States Constitution "by enforcing Defendant Kemp's executive orders." (Id. at 28). The Ninth Amendment provides "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. The Court has recognized that "it is well established that the Ninth Amendment standing alone houses no constitutional guarantees of freedom." Williams v. U.S. EEOC, No. 4:22-cv-217, 2022 WL 17826486, at *2 n.2 (S.D. Ga. Sept. 19, 2022) (quoting Jones v. Mnuchin, 529 F. Supp. 3d 1370, 1376 (S.D. Ga. 2021) (internal quotation marks and citation omitted)). "As such, it cannot support an action for damages." Id.; see, e.g., Metz v. McKinley, 583 F. Supp. 683, 688 n.4 (S.D. Ga. 1984) (rejecting claim under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971), based on alleged Ninth Amendment violation). Plaintiffs have not and cannot allege facts against Deputy Borne to support a claim under the Ninth Amendment.

Second, Plaintiffs allege that Deputy Borne violated Plaintiffs' due process rights when he allegedly "assisted Defendant Kemp in his unconstitutional due process violations against Plaintiffs by enforcing Defendant Kemp's unconstitutional orders." (Doc. 24 at 30). Plaintiffs do not allege how Deputy Borne "assisted" Defendant Kemp or how Deputy Borne allegedly "enforced" the executive orders.

9

To the extent Plaintiffs attempt to assert a substantive due process claim against Deputy Borne, the Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing' these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)); see Worthy v. City of Phenix City, Ala., 930 F.3d 1206, 1222–23 (11th Cir. 2019). Because the First Amendment encompasses alleged restrictions on an individual's right to freely exercise his religion, substantive due process can afford Plaintiffs no relief. See Albright, 510 U.S. at 275.

To the extent Plaintiffs attempt to assert a procedural due process claim against Deputy Borne, Plaintiffs must allege (1) "a deprivation of a constitutionally-protected liberty or property interest"; (2) "state action"; and (3) "constitutionally inadequate process." Worthy, 930 F.3d at 1223 (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). Plaintiffs have not alleged that Deputy Borne deprived them of a constitutionally-protected liberty; they have not alleged that Deputy Borne took any action under the color of state law; and they have not alleged that there was constitutionally inadequate process. See id. Thus, Plaintiffs have failed to state a procedural due process claim against Deputy Borne.

Third, Plaintiffs allege that Deputy Borne violated his rights under the Equal Protection Clause of the Constitutions of the United States and the State of Georgia[2] when he allegedly "used Defendant Kemp's unconstitutional executive orders to unequally apply them to target a

---

[2] "The Georgia Supreme Court has held that the Georgia equal protection clause is 'coextensive with and substantially equivalent to the federal equal protection clause,' and so the analysis for [plaintiffs'] state equal protection claim is the same whether it arises under state or federal law." Womack v. Carroll Cnty., Ga., 840 F. App'x 404, 407 (11th Cir. 2020) (citing Democratic Party of Ga., Inc. v. Perdue, 288 Ga. 720, 727–28 (2011)).

10

predominantly African-American, Christian church." (Doc. 24 at 30, 35). Plaintiffs have not alleged how Deputy Borne "used" or "applied" Governor Kemp's executive orders or how that "use" or "application" unequally targeted Plaintiffs or their church.

"To state an equal protection claim under § 1983, a plaintiff must show that '(1) he is similarly situated to [others] who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.'" Womack, 840 F. App'x at 407 (quoting Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318–19 (11th Cir. 2006)). Plaintiffs have not alleged that they are similarly situated to others who received more favorable treatment. See id. Plaintiffs have identified no comparators; instead, they merely allege that they received discriminatory treatment. See Ellison v. Consol. City of Augusta, 2017 WL 891314, at *2 (S.D. Ga. Feb. 7, 2017) (citing Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1342 (S.D. Fla. 2014) (Plaintiffs failed to state a claim where they did not "identify any comparators in the Complaint and only generally allege[d] the treatment received by Plaintiffs was different from that of others similarly situated")). Further, Plaintiffs have not alleged how Deputy Borne "engaged in invidious discrimination against them" based on race, religion, or some other constitutionally protected basis. See Womack, 840 F. App'x at 407. Thus, Plaintiffs have failed to state an equal protection claim against Deputy Borne.

Fourth, Plaintiffs allege that Deputy Borne "failed to intervene when [he] had a duty to do so in order to prevent Plaintiffs' rights from being violated by other Defendants." (Doc. 24 at 39). "While the Eleventh Circuit has held that an officer can be personally liable for failing to intervene in excessive force cases, the Eleventh Circuit has not expanded such liability to cases lacking an element of excessive force." Gilmore v. Milton, No. 6:18-cv-115-RSB-CLR, 2020 WL 7249627,

at *6 (S.D. Ga. Dec. 9, 2020). Plaintiffs do not allege that any force was used against them that Deputy Borne failed to intervene and prevent. Nonetheless, a failure to intervene claim requires the allegations to include facts showing the necessity or real opportunity for the defendant-officer to intervene in a fellow officer's unlawful conduct. Jones v. Frazier, No. 2:15-cv-45, 2015 WL 9463172, at *3 (S.D. Ga. Dec. 28, 2015) (citing Keating v. City of Miami, 598 F.3d 753, 764 (11th Cir. 2010)). Plaintiffs have not included any allegations demonstrating the necessity of intervention. See Sebastian v. Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019) (finding that an officer cannot be liable for failing to intervene when there was no constitutional violation being committed). Additionally, Plaintiffs do not allege when, or even if, Deputy Borne arrived on scene and Plaintiffs' Second Amended Complaint falls far short of pleading that Deputy Borne had a real opportunity to intervene. Thus, Plaintiffs fail to state a claim for failure to intervene against Deputy Borne.

To the extent that Plaintiffs intended to address Deputy Borne in "Count 1a. 42 U.S. Code § 1983 : First Amendment Claim—Retaliation and Chilling" or "Count 13. Negligence," these claims do not identify what conduct by Deputy Borne violated Plaintiffs' First Amendment rights or was negligent. (See doc. 24 at 17–19, 39). Plaintiffs refer generally to all Defendants in these sections, even though they were instructed by the Court to cure these deficiencies in the June 6, 2023 Order requiring Plaintiffs to replead. (See doc. 23 at 8).

With respect to the First Amendment claim, Plaintiffs allege that they "faced unjustified interference from Defendants;" "Defendants continued the harassment;" "Defendants inappropriately branded Plaintiffs' worship practices as 'reckless conduct;'" "Defendants made unfounded insinuations about a public health threat;" "Defendants unfairly targeted Plaintiffs;" "Defendants retailed [sic] against Plaintiffs, and attempted to chill their speech;" "Defendants

12

colluded and conspired with each other;" "Defendants used their positions to insinuate to others in the community that people should not congregate to worship God;" "Defendants prevented Plaintiffs from exercising free speech;" and "chilled Plaintiffs' current and future speech." (Doc. 24 at 17–19). With respect to the negligence claim, Plaintiffs allege that "[e]ach of Defendants' conduct breached their legal duties under numerous laws, including the open records act, the Georgia constitution, and public policies of Bulloch County, which damaged Plaintiffs." (Id. at 39).

Plaintiffs must assert sufficient factual allegations to support their legal conclusions. Iqbal, 556 U.S. at 679. To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must plead enough facts to state a claim to relief that is plausible on its face. Michel v. NYP Holdings, Inc., 816 F.3d 686, 694 (11th Cir. 2016) (quoting Twombly, 550 U.S. 544, 570 (2007)). Plaintiffs have alleged no facts against Deputy Borne to plausibly show that he retaliated against Plaintiffs for their religious beliefs or chilled their speech in violation of the First Amendment. Further, Plaintiffs have alleged no facts against Deputy Borne that plausibly show that he violated any legal duty that caused damage to Plaintiffs. Plaintiffs' First Amendment and negligence claims contain "generalized grievances" that "fail[] to specify which Defendants are responsible for which alleged acts." (Doc. 23 at 8). Deputy Borne is left to guess as to whether these claims are addressed toward him and, if so, what acts he committed that make him liable under these claims. Thus, Plaintiffs fail to state a claim against Deputy Borne to the extent that the claims found in Sections 1(a) and 13 are addressed toward him.

For the reasons set forth above, Defendant Jason Borne respectfully requests that his motion to dismiss be granted and that Plaintiffs' claims against him be dismissed with prejudice.

Respectfully submitted this 5th day of July, 2023.

                                              OLIVER MANER LLP

                                              **/s/ AMELIA C. STEVENS**

Post Office Box 10186              PATRICK T. O'CONNOR
Savannah, Georgia 31412          Georgia Bar No. 548425
(912)236-3311 – telephone        AMELIA C. STEVENS
(912)236-8725 – facsimile         Georgia Bar No. 758771
pto@olivermaner.com
astevens@olivermaner.com        *Attorneys for Defendant Borne*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, by e-notification and e-service to the following:

Jordan Johnson
Jessica Burton
Bernard & Johnson, LLC
5 Dunwoody Park, Suite 100
Atlanta, GA 30338
Alex@Justice.Law
Jessica@Justice.Law

Kevin Gough
P.O. Box 898
501 Gloucester Street, Suite 121
Brunswick, GA 31521
Kevingough.firm@gmail.com

*Attorneys for Plaintiffs*

Angela Ellen Cusimano
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
ecusimano@law.ga.gov

*Attorney for State Defendants*

This 5th day of July, 2023.

OLIVER MANER LLP

**/s/ AMELIA C. STEVENS**

Post Office Box 10186
Savannah, Georgia 31412
(912)236-3311 – telephone
(912)236-8725 – facsimile
pto@olivermaner.com
astevens@olivermaner.com

PATRICK T. O'CONNOR
Georgia Bar No. 548425
AMELIA C. STEVENS
Georgia Bar No. 758771

*Attorneys for Defendant Borne*