UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ELI PORTER, FRANCOIS WILLIAMS, MICHAEL SINGLETON, *and* TIMOTHY VAN BEVERHOUDT, <br><br> *Plaintiffs*, <br><br> vs. <br><br> SGT. DERRELL THIGPEN, CPL. MATT SOWELL, TFC. JONATHAN MALONE, LT. CHRIS LACIENSKI, TFC2 HAMMOND, TFC3 HOLLOWAY, TFC. AARON DIGIACOMO, DEPUTY JASON MICHAEL BORNE in their individual and official capacities as LEOs, and BRIAN KEMP, in his individual and official capacity as Governor of the State of Georgia, <br><br> *Defendants*. | Civil Action File No. <br><br> 6:22-cv-00057-JRH-BKE |

## PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

**COME NOW the Plaintiffs** and file this Brief in Response to Defendant

Borne's Third Motion to Dismiss.[1]

---

[1] Note that there was a scrivener's error in Plaintiffs' previous response to the other defendants' motion to dismiss the Second Amended Complaint, which Plaintiffs filed on July 28, 2023. This error stated under the document title

## Statement of Facts and Background

COVID-19 and governmental responses to it have caused suffering and hardships for most of society.[2] Plaintiffs have not only been harmed financially, but some have been deprived of their liberties to the extent that they were prosecuted for engaging in constitutionally protected freedom of worship.

On March 14, 2020, Defendant Kemp issued a "Public Health State of Emergency" and issued various executive orders, depriving the rights of citizens who were not engaged in any crime to remain locked in their homes on house arrest.

Under these "shelter in place" orders, citizens were classified as "essential" or "non-essential," and were not permitted to leave their homes unless they were engaging in an activity that would be deemed "essential" by the government—mainly, Defendant Kemp. The amount of people permitted in one location depended on the purpose for the presence at such location.[3] Further, the Governor unilaterally dictated which citizens, organizations, businesses, and conduct were deemed "essential" or "non-essential." Those which, in Defendant Kemp's eyes, were deemed "non-essential" were only permitted to "engaged in Minimum Basic

---

that it was a response to Defendant Borne's Motion to Dismiss, but because counsel was working on both responses simultaneously, counsel did not catch this error.
[2] Complaint, p.1.
[3] Executive Order No. 03.23.20.01 rquired certain persons to "shelter in place," not allowing more than ten people to be gathered , where Executive Order No. 04.02.20.01 prohibited social interactions except in cases where the Governor deemed such travel or conduct to be "essential."

Operations" defined—again unilaterally—by Defendant Kemp within the order.[4]

On April 5, 2020, Plaintiffs engaged in worship at Bible Way Church, including baptisms, which are essential in the spiritual cleansing and outward expression of profession of faith in the Christian faith. To many citizens, religious sacraments and worship are necessary and essential activities, and protected to the highest extent under the federal and state constitutions. Defendants Thigpen, Sowell, Malone, Lacienski, Hammond, Holloway and DiGiacomo then cited Plaintiffs for "reckless conduct" for engaging in worship "according to the dictates of [their] own conscience[s]"[5] pursuant to Defendant Kemp's executive orders.

Defendants now request that this Court dismiss the amended Complaint, while admitting that Defendant Kemp intended that the otherwise lawful exercise of religion be deemed as "non-essential".

## **Argument**

Defendant Borne argues that Plaintiffs' claims should be dismissed based on the premise that the Court should consider his "form over substance" argument. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, while each allegation must be simple, concise, and direct, it does not require any technical form. These short, plaint statements are required to be pleaded, but Rule 8 does not require which section of the pleading to place the statement.

---

[4] Id.
[5] Ga. Const. Art. I, Sec. I, Para. III

Plaintiffs made multiple statements alleging factual allegations regarding Defendant Borne. First, Paragraphs 106 and 127 of Plaintiff's complaint make the factual allegation that Defendant Borne assisted in enforcing Defendant Kemp's unconstitutional executive orders. Second, Paragraphs 127, 114 and 135 make the factual allegation that Defendant Borne assisted in using these unconstitutional executive orders in a manner that was unequally applied in order to target a predominantly African-American Christian church. Finally, Paragraph 153 alleged factual allegations that Defendant Borne failed to prevent his co-defendants from violating Plaintiffs' rights. While perhaps these are not listed under the factual background section, these are statements of factual allegations and are pleaded within the complaint.

Defendants argue secondly that Plaintiffs failed to establish an equal protection claim. "To state an equal protection claim under § 1983, a plaintiff must show that '(1) he is similarly situated to [others] who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.'" Womack v. Carroll County, Georgia, 840 F. App'x 404, 467 (11th Cir. 2020). Plaintiffs alleged that "[c]hurchgoers of congregations which were not predominantly African-American were not targeted."[6] Plaintiffs also stated that

---

[6] See Second Amended Complaint Para. 115.

"[r]eligious groups other than Christian churches were also not targeted."[7] These are factual allegations that shows that others who were similarly situated in Plaintiffs' position were not targeted, harassed, stopped, investigated, and cited. Plaintiffs further showed that, as a predominantly African-American Christian congregation, they were subject to targeted harassment, stopped, investigated, and cited. Plaintiffs further believe that evidence of such allegations will come out during discovery.

Regarding Plaintiffs' failure to intervene claim against Defendant Borne, Defendant Borne argues that "the Eleventh Circuit has not expanded such liability to cases lacking an element of excessive force."[8] Defendant Borne ignores the case law where law enforcement officers were not entitled to qualified immunity regarding their failure to intervene for First Amendment violations. Instead, he relies solely on a 2020 court order from the Southern District of Georgia which erroneously made such an assertion.

Law enforcement officers have been held liable for failing to intervene in civil rights violations against citizens in the context of the First Amendment. See e.g. Keating v. City of Miami, 598 F.Supp.2d 1315 (11th Cir. 2009). While the court acknowledged that there was limited case law on failure to intervene claims in regards to the First Amendment, as well as that the cases to which the court cited

---

[7] Id. at Para. 116.
[8] See Defendant Borne's Motion to Dismiss at p.11.

ultimately granted qualified immunity to officers on these claims, it noted that a failure to intervene claim can prevail on a violation that can be clearly established without prior case law, and therefore the court in Rauen did not affect the Keating court's decision. The court additionally indicated that the plaintiffs in the precedent case were not merely making failure to intervene claims, but also under a supervisory vicarious liability claim. In this case, Plaintiffs have additionally pleaded facts stating that a Bulloch County Deputy made the call for Georgia State Patrol to respond to members attending church, which is lawfully protected under the Georgia and United States Constitutions. Plaintiffs' Second Amended Complaint also names Defendant Borne with the Bulloch County Sheriff's Office, and no other defendant is from this office. A fair reading of the complaint in context necessarily implies that Defendant Borne was either the individual who called Georgia State Patrol to oversee the violation of rights against Plaintiffs, or was the agent sent by the Sheriff's Office in order to oversee the violations. These are issues that should be substantiated during discovery.

    Defendant Borne further claims that Plaintiffs "have not included any allegations demonstrating the necessity of the intervention" while citing to Sebastian v. Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019) (finding that tan officer cannot be liable for failing to intervene when there was no constitutional violation being committed). Here, Plaintiffs have alleged that they were congregating for

religious purposes, and that Defendants effectively criminalized constitutionally-protected religious conduct by citing Plaintiffs for a crime *because* they were gathering to worship. Plaintiffs have sufficiently pleaded a constitutional violation, despite Defendant Borne's erroneous argument that criminalizing constitutionally-protected conduct is not a constitutional violation.

Defendant Borne's remaining arguments mirror the arguments made by his co-defendants. Plaintiff therefore incorporates their response filed on July 28, 2023 in opposition to the co-defendants' motion to dismiss the second amended complaint.

For the reasons set forth above, Plaintiffs respectfully request that this Honorable Court deny Defendant Borne's Motion to Dismiss Plaintiffs' Second Amended Complaint and permit the parties to continue to discovery.

Respectfully submitted this 2nd day of August, 2023.

/s/ Jessica Burton
Jordan Johnson
Georgia State Bar No. 673643

Jessica Burton
Georgia State Bar No. 916253
Attorneys for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

Jessica@Justice.Law

Kevin Gough
Georgia State Bar No. 303210
Attorney for Plaintiff

Kevin Gough Firm, LLC
P.O. Box 898
501 Gloucester Street, Suite 121
Brunswick, GA 31521
Phone: (912) 266-5454
Fax: (912) 480-9280
Kevingough.firm@gmail.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that the foregoing Plaintiffs' Response to Defendant Borne's Motion to Dismiss has been submitted to the Clerk of Court using the CM/ECF e-filing system and served upon Defendants' counsel of record:

Amelia C. Stevens, Esq.
Pat T. O'Conor, Esq.
Oliver Maner LLP
218 West State Street
Savannah, GA 31401
astevens@olivermaner.com
pto@olivermaner.com

Angela Ellen Cusimano, Esq.
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA 30334-1300
ecusimano@law.ga.gov

This 2nd day of August, 2023.

/s/ Jessica Burton
Jordan Johnson
Georgia State Bar No. 673643

Jessica Burton
Georgia State Bar No. 916253
Attorneys for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law
Jessica@Justice.Law