IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ELI PORTER, FRANCOIS WILLIAMS, MICHAEL SINGLETON, and TIMOTHY VAN BEVERHOUDT, <br><br> Plaintiffs, <br><br> v. <br><br> SGT. DERRELL THIGPEN, CPL. MATT SOWELL, TFC. JONATHAN MALONE, LT. CHRIS LACIENSKI, TFC2 HAMMOND, TFC3 HOLLOWAY, TFC. AARON DIGIACOMO, DEPUTY JASON MICHAEL BORNE in their individual and official capacity as LEOs, and BRIAN KEMP, in his individual and official capacity as governor of the State of Georgia, <br><br> Defendants. | Case No. 6:22-cv-00057-JRH-BKE |

## DEFENDANT JASON BORNE'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Jason Borne ("Deputy Borne") submits this reply brief in support of his third motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and moves this Court to dismiss Plaintiffs' claims against Deputy Borne in the Second Amended Complaint for failure to state a claim upon which relief can be granted. Deputy Borne addresses each claim alleged against him in turn.

**Count 5. Ninth Amendment Violation**

In their response, Plaintiffs do not address Deputy Borne's arguments that Count 5 (Ninth Amendment Violation) should be dismissed for failure to state a claim. In his motion to dismiss, Deputy Borne argued that the Ninth Amendment does not provide a right of action. (Doc. 27 at 9). When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the

1

non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal. Barnes v. AstraZeneca Pharm. LP, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017). Plaintiffs did not respond to Deputy Borne's arguments that they failed to state a claim against him under the Ninth Amendment. Thus, that claim should be dismissed.

**Count 6. Due Process Violation Claims**

In their response, Plaintiffs do not address Deputy Borne's arguments that Count 6 (Due Process Violation Claims) should be dismissed for failure to state a claim. In his motion to dismiss, Deputy Borne argued that the theory of substantive due process claim afforded Plaintiffs no relief and that Plaintiffs failed to allege the required elements of procedural due process. (Doc. 27 at 9-10). When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal. Barnes, 253 F. Supp. 3d at 1171. Plaintiffs did not respond to Deputy Borne's arguments that they failed to state a due process violation. Thus, that claim should be dismissed.

**Count 7. Equal Protection Claim; Count 9. Equal Protection under the Georgia Constitution Claim**

In his motion to dismiss, Deputy Borne argued that Plaintiffs did not allege that they were similarly situated to others who received more favorable treatment or how Deputy Borne engaged in invidious discrimination against them based on race, religion, or another constitutionally protected basis. (Doc. 27 at 10-11). Plaintiffs responded and argued that their allegations that "[c]hurchgoers of congregations which were not predominantly African-American were not targeted" and "[r]eligious groups other than Christian churches were also not targeted" are sufficient to show that others were similarly situated but were not "targeted, harassed, stopped, investigated, and cited." (Doc. 34 at 4-5).

"A plaintiff states an equal-protection 'class of one' claim if he alleges that he has been intentionally treated differently from other people who are similarly situated to him and that no rational basis supports the difference in treatment." Jordan v. Sec'y, Fla. Dep't of Child. and Fam. Servs., 723 F. App'x 690, 693 (11th Cir. 2018) (citing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1200-02 (11th Cir. 2007)). Bare allegations that other individuals, even all other individuals, were treated differently do not state an equal protection claim—a complaint must attempt to show in some fashion that these other individuals were situated similarly to the plaintiff. Apothecary Dev. Corp. v. City of Marco Island, 517 F. App'x 890, 892 (11th Cir. 2013). "To be similarly situated, the comparators must be prima facie identical in all relevant respects." Jordan, 723 F. App'x at 693 (citing Grider v. City of Auburn, 618 F.3d 1240, 1264 (11th Cir. 2010)). "In addition, a plaintiff must allege more than broad generalities in identifying a comparator." Griffin Indus., 496 F.3d at 1204.

Plaintiffs allege generally that other churchgoers and congregations who were not African American or Christian were not targeted. (Doc. 34 at 4-5). Plaintiffs' Second Amended Complaint does not attempt to show that other individuals were similarly situated. Further, Plaintiffs' response to Deputy Borne's motion to dismiss argued in a conclusory fashion only that their allegations were sufficient. (Id.)

Further, the Eleventh Circuit has affirmed dismissal of an equal protection claim where the plaintiff alleged no facts from which a racial or other discriminatory motive for the treatment could be inferred. Lambert v. Bd. of Trs., 793 F. App'x 938, 942-43 (11th Cir. 2019). The Lambert plaintiff merely pointed to the fact that four individuals who were treated favorably were white while the plaintiff was black. Id. Similarly here, Plaintiffs have alleged no facts to suggest that Deputy Borne intentionally engaged in invidious discrimination against them based on race,

3

religion, or another constitutionally protected basis. Plaintiffs have only alleged that Deputy Borne "used Defendant Kemp's unconstitutional executive orders to unequally apply them to target a predominantly African-American, Christian church." (Doc. 27 at 10-11). Plaintiffs have only alleged that their church was a predominantly African American Christian church while leaving Deputy Borne to infer or assume that there must be another group of individuals who were not a predominantly African-American Christian church that was treated more favorably. Plaintiffs have failed to state an equal protection claim against Deputy Borne.

**Count 12. Failure to Intervene**

In his motion to dismiss, Deputy Borne argued that the Eleventh Circuit has not expanded liability for failure to intervene to cases lacking an element of excessive force and that Plaintiffs did not allege the necessity or real opportunity for Deputy Borne to intervene in a fellow officer's allegedly unlawful conduct. (Doc. 27 at 11-12). In response, Plaintiffs argue that Deputy Borne "ignores the case law where law enforcement officers were not entitled to qualified immunity regarding their failure to intervene for First Amendment violation. Instead, he relies solely on a 2020 court order from the Southern District of Georgia which erroneously made such an assertion." (Doc. 34 at 5-6). Plaintiffs cite Keating v. City of Miami, 598 F. Supp. 2d 1315 (S.D. Fla. 2009),[1] to show that "[l]aw enforcement officers have been held liable for failing to intervene in civil rights violations against citizens in the context of the First Amendment." (Doc. 34 at 5).

Deputy Borne has not "ignored" any case law. Gilmore v. Milton, the Southern District order authored by U.S. District Judge R. Stan Baker that Plaintiffs contend is wrong, states that "[w]hile the Eleventh Circuit has held that an officer can be personally liable for failing to intervene in excessive force cases, the Eleventh Circuit has not expanded such liability to cases

---

[1] Plaintiffs incorrectly cite this case as an Eleventh Circuit opinion. The Eleventh Circuit opinion is Keating v. City of Miami, 598 F.3d 753 (11th Cir. 2010).

4

lacking an element of excessive force." No. 6:18-cv-115-RSB-CLR, 2020 WL 7249627, at *6 (S.D. Ga. Dec. 9, 2020). In <u>Keating</u>, there was an element of excessive force as the plaintiffs alleged that the officers "us[ed] their batons to beat unarmed demonstrators, spray[ed] pepper spray up and down the police line, and discharge[ed] bean bags, pepper spray balls, tear gas, and other projectiles" while the plaintiffs were allegedly exercising their First Amendment rights. 598 F.3d at 758. The <u>Keating</u> Court interpreted the plaintiff's claims for "failure to stop" as a supervisory liability claim, not a failure to intervene claim, and allowed them to proceed. <u>Id.</u> at 764-65. Plaintiffs have not alleged a "failure to stop" or supervisory liability claim here nor have they alleged any element of excessive force.

Plaintiffs argue that it is "necessarily implied" that Deputy Borne "was either the individual who called Georgia State Patrol to oversee the violation of rights against Plaintiffs, or was the agent sent by the Sheriff's Office in order to oversee the violations." (Doc. 34 at 6). Plaintiffs seemingly argue that Deputy Borne faces supervisory liability. Plaintiffs' Second Amended Complaint does not allege that Deputy Borne held a supervisory role—it does not allege what Deputy Borne did at all. Plaintiffs' Second Amended Complaint also alleges a failure to intervene claim and <u>not</u> a failure to stop claim or any other claim for supervisory liability. (<u>See</u> doc. 24). Plaintiffs cannot raise new claims for the first time in a response brief. <u>Burley v. Specialized Loan Servicing LLC</u>, No. 1:19-cv-5050, 2020 WL 10046993, at *5 n.2 (N.D. Ga. July 6, 2020). Further, pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A claim that is "necessarily implied" does not satisfy the pleading standards of Rule 8. Lastly, Plaintiffs cannot plausibly assert that Deputy Borne had a supervisory role over Georgia

State Patrol troopers or the Governor of Georgia. Plaintiffs do not allege that any other Bulloch County deputies were ever present on the scene of the incident as alleged in the Second Amended Complaint.

Additionally, Plaintiffs failed to respond to Deputy Borne's argument that there are no allegations that Deputy Borne had a reasonable opportunity to intervene. (See doc. 27 at 12). A failure to intervene claim requires the allegations to include facts showing the necessity or real opportunity for the defendant-officer to intervene in a fellow officer's unlawful conduct. Jones v. Frazier, No. 2:15-cv-45, 2015 WL 9463172, at *3 (S.D. Ga. Dec. 28, 2015) (citing Keating, 598 F.3d at 764). An observing officer must have both the opportunity to intervene and be in a position to intervene and yet fail to do so. Johnson v. White, 725 F. App'x 868, 878 (11th Cir. 2018). Plaintiffs do not allege when, or even if, Deputy Borne arrived on scene, nor do they allege that Deputy Borne had a real opportunity to intervene. Thus, Plaintiffs fail to state a claim for failure to intervene against Deputy Borne.

**Other claims**

In Deputy Borne's motion to dismiss, he argued that to the extent that Plaintiffs intended to address Deputy Borne in "Count 1a. 42 U.S. Code § 1983 : First Amendment Claim—Retaliation and Chilling" or "Count 13. Negligence," these claims do not identify what conduct by Deputy Borne violated Plaintiffs' First Amendment rights or was negligent. (Doc. 27 at 12). Plaintiffs did not address these arguments in their response. (See doc. 34). When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal. Barnes, 253 F. Supp. 3d at 1171. Thus, those claims should be dismissed to the extent they were intended to be asserted against Deputy Borne.

For the reasons set forth herein and in Deputy Borne's Motion to Dismiss Plaintiffs' Second Amended Complaint, Defendant Jason Borne respectfully requests that Plaintiffs' claims against him be dismissed with prejudice.

Respectfully submitted this 15th day of August, 2023.

|  |  |
|---|---|
|  | OLIVER MANER LLP |
|  |  |
|  | **/s/ AMELIA C. STEVENS** |
| Post Office Box 10186 | PATRICK T. O'CONNOR |
| Savannah, Georgia 31412 | Georgia Bar No. 548425 |
| (912)236-3311 – telephone | AMELIA C. STEVENS |
| (912)236-8725 – facsimile | Georgia Bar No. 758771 |
| pto@olivermaner.com |  |
| astevens@olivermaner.com | *Attorneys for Defendant Borne* |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, by e-notification and e-service to the following:

<table>
<tr>
<td>
Jordan Johnson<br>
Jessica Burton<br>
Bernard & Johnson, LLC<br>
5 Dunwoody Park, Suite 100<br>
Atlanta, GA 30338<br>
Alex@Justice.Law<br>
Jessica@Justice.Law
</td>
<td>
Kevin Gough<br>
P.O. Box 898<br>
501 Gloucester Street, Suite 121<br>
Brunswick, GA 31521<br>
Kevingough.firm@gmail.com
</td>
</tr>
</table>

*Attorneys for Plaintiffs*

Angela Ellen Cusimano
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
ecusimano@law.ga.gov

*Attorney for State Defendants*

This 15th day of August, 2023.

<table>
<tr>
<td></td>
<td>OLIVER MANER LLP</td>
</tr>
<tr>
<td></td>
<td><b>/s/ AMELIA C. STEVENS</b></td>
</tr>
<tr>
<td>
Post Office Box 10186<br>
Savannah, Georgia 31412<br>
(912)236-3311 – telephone<br>
(912)236-8725 – facsimile<br>
pto@olivermaner.com<br>
astevens@olivermaner.com
</td>
<td>
PATRICK T. O'CONNOR<br>
Georgia Bar No. 548425<br>
AMELIA C. STEVENS<br>
Georgia Bar No. 758771<br>
<br>
*Attorneys for Defendant Borne*
</td>
</tr>
</table>